No. 26-10389

# UNITED STATES COURT OF APPEALS

## FOR THE

# FIFTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
May 04, 2026
FIFTH CIRCUIT

KATHRYN COPELAND,

*Plaintiff-Appellant*

v.

TARRANT COUNTY, ET AL.,

*Defendants-Appellees.*

## EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL
## (FRAP 8(a))

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
Case No. 4:25-cv-00890-O (Hon. Reed O'Connor)

## Ruling Requested by Friday, May 8 at 12:00 PM

*Kathryn Copeland*

**KATHRYN COPELAND**
Texas Bar No. 24086056
1137 S. Pine Street
Grapevine, Texas 76051
Tel: (817) 789-8498
Katie@KatieCopeland.com
*Pro Se Plaintiff-Appellant*

# STATEMENT EXPLAINING NATURE OF THE EMERGENCY

Appellant respectfully requests that this motion be considered on an expedited basis. The proceeding at issue is set for May 8, 2026 at 1:30 PM — less than 5 days from the date of filing. Absent emergency relief, the irreparable harm described herein will occur before ordinary motion practice could provide a remedy.

## **Ruling Requested by Friday, May 8 at 12:00 PM**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the following persons have a financial interest in the outcome of this litigation:

1. Kathryn Copeland — Plaintiff-Appellant

2. Tarrant County, Texas — Defendant-Appellee

3. Texas Office of Court Administration — Defendant-Appellee (no appearance)

4. Honorable Judith Wells — Defendant-Appellee (no appearance)

5. Honorable Kenneth Newell — Defendant-Appellee (no appearance)

6. Honorable David Evans — Defendant-Appellee (no appearance)

7. Honorable Megan LaVoie — Defendant-Appellee (no appearance)

No publicly traded corporation has an interest in this proceeding.

*Kathryn Copeland*

**KATHRYN COPELAND**

# SUMMARY OF ARGUMENT

Tarrant County eliminated — or rendered non-functional — the Title II administrative pathway that allows disabled court users to request and receive participation accommodations before proceedings move forward. It then routed those requests into a closed loop that predictably produces denial while the proceeding continues.

Most civil rights cases ask whether one person did something wrong. **This case asks whether a system deliberately designed so that no one is responsible for anything can violate federal law.** Tarrant County's answer — written down, by its own officials, repeatedly — is that the county handles physical access, the judges handle proceedings, and court-participation accommodations fall into the gap between them. Nobody owns it. Nobody is accountable. The ADA has declared that gap illegal since 1992.

Appellant Kathryn Copeland is a licensed attorney with a documented traumatic brain injury. She requested standard accommodations — CART captioning, written submission, legal assistance — that the Texas State Bar's own Courtroom Accessibility Guide (created by Defendant Office of Court Administration) lists as achievable and appropriate. Tarrant County courts denied all of them, with no written determination, no coordinator, and no interactive process. The trial court said, on the record: "We're not going to do that."

She was then hospitalized during the first part of the trial in August 2023.

She was unable to appear on Day Two of a subsequent trial due to medical consequences of the prior day's inaccessible proceeding.

A JP court proceeded while she was hospitalized and then blocked her appeal.

A federal agency — the Social Security Administration — independently confirmed in April 2026 that she has been totally disabled since June 8, 2023: the entire period during which these proceedings took place.

What makes this record unusual is that the county proved its own violation. In writing. By multiple different officials. Over two to three years. And the consequence of one of the proceedings — the custody modification trial conducted without accommodations — is that a child in this case is being denied medical treatment she needs as a direct consequence of proceedings her mother could not meaningfully access.

A proceeding is now set for May 8, 2026. The same county. The same absent process. The same Appellant. This Court has the authority — and under Title II, the obligation — to ensure that a functioning accommodation pathway exists before that proceeding continues.

# EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL (FRAP 8(a))

Appellant Kathryn Copeland, proceeding pro se, respectfully moves for an emergency injunction pending appeal under Federal Rule of Appellate Procedure 8(a). This motion is narrowly tailored and seeks process-based, prospective relief only to prevent imminent and irreparable denial of meaningful access to a proceeding set for May 8, 2026 at 1:30 PM in Cause No. 236-363132-25.

This motion does not ask this Court to decide the merits of any state-court matter or to direct any judge to rule in a particular manner. It seeks only to ensure that Title II's required administrative pathway for participation-related disability accommodations exists and is used to issue a timely written determination before proceedings continue in an inaccessible format.

Congress enacted Title II of the ADA. The DOJ's enforcement capacity is constrained. Federal courts remain the only institution with both the authority and the independence to enforce what Congress required. This Court has that opportunity.

## I.  EMERGENCY RELIEF REQUESTED

Appellant requests that this Court enter an emergency injunction pending appeal requiring Defendants–Appellees to ensure that, before the May 8, 2026

setting proceeds, there is a functioning Title II process for court-user accommodation requests affecting participation, including:

1. **Identification of Responsible Official / Coordinator (within 48 hours):** Identify by name, title, office address, email, and telephone number the person designated to coordinate Title II compliance for court-user accommodation matters affecting participation;

2. **Single Intake Channel + Confidential Documentation Handling (immediate):** Provide a written intake/routing mechanism for participation-related accommodation requests and a procedure for confidential submission and handling of disability documentation outside the public case file;

3. **Written Determination (no later than May 8, 2026 at 12:00 PM):** Issue a written determination addressing Appellant's pending participation-related accommodation requests and applying Title II standards (reasonable modification, undue burden, fundamental alteration), sufficiently in advance of the 1:30 PM setting to permit meaningful participation; and

4. **Narrow, Time-Limited Stay Only If Needed:** If a written determination cannot be issued with sufficient time to permit meaningful access, enter a narrow administrative stay of the May 8 setting for the limited period necessary to issue that written determination.

## II. BASIS FOR EMERGENCY RELIEF

A proceeding is currently set for May 8, 2026 at 1:30 PM and the court has required it be conducted in person, despite Appellant's pending requests for reasonable modifications. (App. 001-025) The May 8 setting is in Cause No. 236-363132-25 before the Local Administrative Judge in Tarrant County (Hon. Judge Kenneth Newell) and concerns vexatious-litigant permission-to-proceed issues that directly affect Appellant's ability to litigate and access the courts. Notably, the May 8 hearing was set at the request of opposing counsel's paralegal on April 9, 2026 — while Appellant's accommodation request remained pending and unanswered. (App. 007.)

The underlying vexatious litigant order is itself based on prior hearings conducted without ADA accommodations, after the trial court had lost plenary power.

Appellant has a documented cognitive disability affecting real-time processing and verbal communication and has requested reasonable modifications, including written submission. Court personnel responded that the court "does not review pleadings in advance" and therefore holds hearings in person, without issuing any written ADA determination. (App. 001-030.)

In a determination issued March 2, 2026, the Social Security Administration confirmed that Appellant has been considered totally disabled since June 8, 2023. Appellant received the determination letter dated April 10, 2026, which states, "the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act since June 8, 2023." Appellant is prepared to submit it as a confidential exhibit upon request or leave to file under seal. Appellant does not include it in the public appendix to protect the privacy of sensitive medical and benefits records.

Without emergency, process-based relief ensuring a functioning Title II pathway and a written determination before 1:30 PM on May 8, Appellant will be denied meaningful access at the moment it matters. Once a hearing proceeds without meaningful access, the resulting procedural harm and record distortion cannot be fully remedied after the fact.

The County cannot satisfy Title II by ensuring that Appellant retains the option to forfeit her parental rights and her home. The ADA does not condition meaningful access on a litigant's willingness to abandon her claims. A right to participate that exists only upon surrender is not a right at all.

## III. FRAP 8(a) PREREQUISITE — DISTRICT COURT RELIEF IS IMPRACTICABLE

This appeal arises from Case No. 4:25-cv-00890-O (N.D. Tex.) (Hon. Reed O'Connor). Appellant sought emergency injunctive relief in the district court. The district court denied Appellant's emergency motion for a temporary restraining order and preliminary injunction. (ECF No. 35 (1/29/2026).)

Final Judgment dismissing Appellant's claims with prejudice was entered on February 11, 2026. (ECF No. 37.) The district court thereafter struck Appellant's post-judgment motions and directed the Clerk to strike any pleadings Appellant filed using the emergency email address, expressly stating the case "is closed and continues to remain closed." (ECF No. 42 (3/26/2026).) Counsel's withdrawal motion was denied as moot. (ECF No. 47 (4/14/2026).)

In light of the Final Judgment and these post-judgment rulings, further application to the district court is impracticable. The imminent harm will occur before ordinary motion practice could provide meaningful relief. Appellant's prior petition for writ of mandamus was denied. (5th Cir. No. 26-10266 (3/27/2026).) This motion presents a distinct and time-sensitive basis for emergency relief not addressed in that petition.

# IV. STANDING

## A. APPELLANT HAS ARTICLE III STANDING FOR BOTH PAST INJURIES AND IMMINENT FUTURE HARM

### 1. The Legal Framework

To establish Article III standing, a plaintiff must demonstrate (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury is fairly traceable to the defendant's conduct; and (3) that a favorable judicial decision would likely redress the injury. *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). "[P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).

An injunction pending appeal under FRAP 8(a) requires Appellant to demonstrate: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that an injunction serves the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). These factors are not applied mechanically; a strong showing on one may offset a lesser showing on another. *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013).

Appellant's claims arise under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Title II prohibits any public entity from excluding a qualified individual with a disability

from participation in, or denying her the benefits of, the entity's services, programs, or activities. Court proceedings are services and programs within the meaning of Title II. *Tennessee v. Lane*, 541 U.S. 509, 531–32 (2004). Appellant's claims also arise under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which independently binds any entity receiving federal funds.

The regulation implementing Title II requires public entities with fifty or more employees to designate a responsible employee to coordinate compliance, 28 C.F.R. § 35.107(a), to adopt grievance procedures, *id.* § 35.107(b), and to engage in an interactive process when a modification is requested, *id.* § 35.130(b)(7). These are not discretionary best practices. They are mandatory structural requirements, in force since January 26, 1992.

The relief Appellant seeks is process-based and prospective. She does not ask this Court to dictate the outcome of any state-court proceeding or to substitute its judgment for that of any state judge. She asks only that the administrative pathway Congress mandated — designation, intake, dialogue, written determination — exist and function before a proceeding that will affect her fundamental parental liberty continues without it.

Past wrongs are evidence of likely future injury, but they do not alone establish imminence. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983). What the

plaintiff-appellant must show is that the same injurious condition is likely to recur and affect her again.

## 2. Crawford's Standing Holding — Correctly Applied

In *Crawford v. Hinds County*, this Court's standing analysis turned not on the number of past injuries, but on the concrete probability of future exposure to the same barrier. *Crawford v. Hinds County Board of Supervisors*, 1 F.4th 371, 376–77 (5th Cir. 2021). Crawford lived in a small county with a modest jury pool. State law requires jury service. The mathematical likelihood that he would be called again — and encounter the same unaccommodated courthouse — was not speculative; it was near-certain given the size of the county and the mandatory, recurring nature of jury service. Four past exclusions were evidence of the pattern, but the *standing* for injunctive relief rested on the substantial risk that the fifth call was coming.

The lesson of *Crawford* is not "accumulate enough past injuries." It is: show that the same structural failure will confront you again under conditions that are not speculative. Appellant's situation is *stronger* than Crawford's on every standing variable.

## 3. Appellant's Past Injuries Are Concrete, Particularized, and Numerous

Before reaching future harm, Appellant has suffered multiple discrete, cognizable injuries — each one satisfying injury-in-fact on its own.

- **April 2023 — First Formal Request, No Process Available.** Appellant submitted her first formal ADA accommodation request to Tarrant County courts. There was no ADA coordinator. There was no intake process. There was no written determination. The administrative pathway Title II has required since January 26, 1992 did not exist. The absence of that process is itself a structural injury — not a threatened one. *Alexander v. Choate*, 469 U.S. 287, 301 (1985) (Title II requires meaningful access, not merely formal opportunity).

- **August 16–21, 2023 — Hospitalization During Trial.** Appellant appeared for trial in the 231st District Court without accommodations she had formally requested. Between trial days two and three, she was hospitalized overnight. The failure to accommodate did not inconvenience her. It injured her — physically, acutely, in a manner requiring emergency medical intervention. This is a concrete injury with a hospital record attached.

- **November 13, 2023 — Adverse Order Entered Through Inaccessible Proceeding.** A proceeding went forward and an order entered while access barriers established previously remained unremedied. The same structural failure, the same absent process, a distinct adverse legal consequence.

- **May 7, 2024 — Medical Inability to Appear on Day Two of the "Continuation" of the Trial.** Appellant was unable to participate in the second day of the modification trial because of medical conditions directly caused by

proceeding without accommodation the prior day. A second trial (or continuation of the first despite a granted motion to set aside default judgment, which necessitated a new trial—not a continuation). A second day lost. A second concrete injury traceable to the same structural failure.

- **February 13, 2026 — Proceeding While Hospitalized, Appeal Blocked.** The JP court proceeded with a hearing while Appellant was hospitalized. When she sought to appeal, that avenue was foreclosed. Notice of her hospitalization existed. The court proceeded. The door behind her was then closed. That sequence — notice, proceed, foreclose — is not negligence. It is a closed system operating as designed.

- **Ongoing — Economic and Dignitary Injury.** Across approximately 47 documented court-contact events since January 2023, Appellant has incurred attorneys' fees, transcript costs, filing fees, expert expenditures, and emergency response costs to navigate a system that Title II required to be accessible from the outset. Clinical PTSD — a diagnosed condition — is causally connected to this course of conduct. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982) (economic and dignitary injuries from civil rights violations are cognizable).

Each of these is a separate *Crawford*-style injury. Each is concrete. Each is particularized to Appellant. Each is traceable to the same structural failure: Tarrant

County courts have no functioning Title II coordinator, no intake process, no written determination procedure, and no interactive dialogue mechanism — and they have operated without one for thirty-four years. (App. 149-151.)

### 4. Appellant's Future Injury Is Not Speculative — It Is Scheduled

This is where Appellant's standing for injunctive relief is cleanest, and where *Crawford* is most directly applicable.

Crawford's standing for prospective relief required showing a "substantial risk" he would again be called for jury service and encounter the same barriers. The Court found that risk substantial because he lived in a small county with mandatory jury service — the next call was not a matter of *if*, but *when*.

Appellant does not face a *when* question. She faces a *tomorrow* question.

A proceeding is set for May 8, 2026, at 1:30 PM in Cause No. 236-363132-25 before the Tarrant County Local Administrative Judge. That hearing is not hypothetical. It is a calendar entry with a cause number, a judge, and a time. And it will proceed in the same county, under the same administrative structure, with the same absent Title II process, affecting the same Appellant whose disability has been confirmed as total and continuous since June 8, 2023, by independent federal agency determination. (SSA Determination Letter, Apr. 10, 2026.)

The threatened injury is: on May 8, 2026, at 1:30 PM, Appellant will again be required to participate in a court proceeding without a functioning Title II

accommodation process, without a written determination of her pending requests, and without meaningful access — producing the same category of harm this record documents across forty-seven prior court-contact events.

That is not speculative. *Lyons* required that a plaintiff show she would likely be subject to the challenged conduct again. *461 U.S. at 105–06.* Appellant has a scheduled return to the same courthouse, under the same structural conditions, the next day. Further, Appellant requested accommodations for that hearing due to her disabilities, but was denied without the required interactive process. (App. 001-025.)



### 5. Causation Is Direct and Traceable

The causal chain is short. Title II requires a designated coordinator, a functioning intake process, and an interactive dialogue. 28 C.F.R. § 35.107; 28 C.F.R. § 35.130(b)(7). Tarrant County courts have none of these. When Appellant requested accommodations, the county administrator directed her to the judges; the court coordinator required in-person appearance as a precondition to any ruling on accommodations; and Appellant cannot appear in person without the accommodations she is seeking. That loop — structurally produced by the county's failure to maintain what the law requires — is the cause. It is not a coincidence of individual actors. It is the predictable output of an absent process.

The county's own officials documented this in writing. County Administrator Travis Yarbrough wrote that "once it involves the court, the matter is closed" and the county cannot control judges. (App. 047.) Court Coordinator Angie Wierzbicki wrote that the judge will not rule on accommodations unless Appellant appears in person. Together, these admissions confirm causation with the county's own words.

### 6. Redressability Is Established by the Narrowness of the Relief Requested

Appellant does not ask this Court to supervise Tarrant County courts indefinitely or to dictate any ruling on the merits of any state proceeding. She asks only that, before a proceeding continues, a functioning Title II process exist: a named coordinator, a written intake mechanism, and a written determination on pending

requests. Federal courts routinely order exactly this relief in Title II cases. *Lane*, 541 U.S. 509; *Armstrong v. Schwarzenegger*, 622 F.3d 1058 (9th Cir. 2010). If the Court orders a written determination process, Appellant can participate in a process that gives her requests meaningful consideration before the proceeding goes forward. That is redressability.

## V.  ARGUMENT

### A. Standing

For the reasons stated in Section IV, Appellant has Article III standing. The pattern documented there — thirty-six proceedings, three courts, the same structural failure — constitutes policy, not coincidence.

### B. Likelihood of Success on the Merits

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The Supreme Court has recognized that Title II applies to access to court proceedings. *Lane*, 541 U.S. at 527.

The implementing regulations require public entities to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7). They further require public entities to ensure effective communication

with individuals with disabilities, including furnishing appropriate auxiliary aids and services where necessary for equal participation. 28 C.F.R. § 35.160. Title II also requires designation of a responsible employee and adoption of grievance procedures. 28 C.F.R. § 35.107. These requirements have been mandatory since January 26, 1992.

The Fifth Circuit has held that the inability to meaningfully participate in court proceedings is, by definition, a lack of meaningful access under Title II, regardless of ultimate case outcome. *Luke v. Texas*, 46 F.4th 301, 308–10 (5th Cir. 2022). An accommodation request triggers an obligation to engage in a good-faith interactive process, and unreasonable delay in that process can itself constitute a failure to accommodate — particularly where the access problem is imminent. *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 244–46 (5th Cir. 2025) (six-month delay in granting accommodation plausibly stated failure-to-accommodate claim).

The Supreme Court reaffirmed in *A.J.T. v. Osseo Area Schools*, 605 U.S. 335, 145 S.Ct. 1647, 1654–55 (2025), that ADA and Rehabilitation Act claims require no showing of discriminatory intent to obtain injunctive relief, and that "deliberate indifference" — disregarding a strong likelihood that conduct would violate federally protected rights — suffices for damages. Tarrant County's documented written admissions satisfy deliberate indifference as a matter of law.

### 1. The Administrative Duty Is Distinct from Adjudicative Discretion.

Even if adjudicative decisions in a particular case involve judicial discretion, Title II's entity-level duties — to maintain a functioning process for requesting and evaluating participation-related modifications consistent with §§ 35.107, 35.130(b)(7), and 35.160 — are non-delegable administrative obligations of the public entity. This is established by binding Fifth Circuit precedent. *Crawford v. Hinds County Board of Supervisors*, 1 F.4th 371, 376–77 (5th Cir. 2021) (architectural barriers in courthouse amounting to systemic exclusion present ongoing threat supporting injunctive relief; structural, non-episodic failures support standing for prospective relief).

### 2. The Record Establishes Systemic Administrative Failure.

Three undisputed facts — proven by the County's own written statements — establish that Tarrant County lacks the Title II infrastructure the law has required since 1992.

**First**, Tarrant County has explicitly admitted it has no mechanism to ensure Title II compliance in court proceedings. The County's own ADA staff stated as early as June 2024:

> Tarrant County provides assistance for those with disabilities that prevent them from physically accessing and navigating the County's physical facilities and programs. The County does not have control over a particular Judge's decision when a litigant seeks ADA accommodations that would modify court proceedings.

(App. 128; *Email from ADARequests@tarrantcountytx.gov*, June 18, 2024.)

This admission was repeated and formalized in the April 30, 2026 letter from the Criminal District Attorney:

> As the County communicated to you upon your initial request to the County for judicial ADA accommodations, the County does not have control over a particular state District Court Judge's decision when a litigant seeks ADA accommodations that would modify court proceedings.... Thus, concerns with the state court ADA accommodation process are not properly presented to Tarrant County because the County cannot control or change the outcome of your legal proceedings."

(App. 038; *Tarrant County District Attorney*, April 30, 2026.)

This is a written admission that the County does not operate a Title II compliance mechanism for court-user accommodation requests affecting participation — the precise infrastructure 28 C.F.R. § 35.107 requires.

The admission is corroborated by the County's own staff. On April 1, 2026, Assistant County Administrator Travis Yarbrough stated in writing:

> "The presiding Judge over each court is their own decision maker with regards to court proceedings. I am not aware of how each court handles their request once they get notified. Since it is a court proceeding request and not falling under the County's ADA compliance the response and directing them to the court then considers the matter closed."

(App. 047; *Email from Travis Yarbrough, Assistant County Administrator,* April 1, 2026.)

This is a direct admission that no centralized mechanism or responsible official exists for Title II compliance in court proceedings.

A court coordinator for the 141st District Court further confirmed: *"I'm not sure we have a designated 'ADA Coordinator.'"* (App. 050.) County ADA staff additionally stated that accommodation requests affecting court proceedings must go *"directly through the court your case is assigned to."* (App. 104; *Email RE: Tarrant County Public Accommodation Request*, April 17, 2024.)

The structural nature of this failure is documented in the System Failure Summary provided to the County, which states: *"No Intake System. No Evaluation Process. No Decision-Maker. Responsibility is fragmented between staff and judiciary, resulting in no accountable authority. No Written Determinations. Hearings Proceed Regardless. The system processes hearings before it processes access. This is not a failure of individual actors. It is a structural absence of process."* (App. 099; 102.)

The County's response to a public records request for ADA Title II compliance records further evidences the absence of functioning infrastructure. When Appellant submitted a formal open records request specifically seeking the ADA Title II Self-Evaluation required by 28 C.F.R. § 35.105, the ADA Coordinator designation required by § 35.107, and any grievance procedures — the County responded: 'We were unable to locate any responsive information.' (App. 149-151;

*Open Records Response CDA-2026-897*, April 21, 2026.) The absence of responsive records is itself evidence that the required infrastructure does not exist.

Appellant separately requested the designated ADA Coordinator's name and contact information directly from Judge Evans' office on April 20, 2026. His office acknowledged receipt and provided no responsive information. (App. 152-154; *Email from THKemp@tarrantcountytx.gov*, April 21, 2026.)

When Appellant contacted the City of Fort Worth's ADA/Title VI Coordinator to identify her Tarrant County counterpart, the City's own credentialed ADA professional stated she did not have the name of the ADA Coordinator for Tarrant County. (App. 155-157; *Email from Roxana De Blanco, ADA/Title VI Coordinator, City of Fort Worth*, April 24, 2026.) The County's ADA coordinator is so invisible that even neighboring government ADA professionals cannot identify them.

No intake system. No evaluation process. No decision-maker. No written determinations. Multiple County actors, in writing, over multiple years, confirming the same structural void. This is non-compliance with 28 C.F.R. § 35.107, documented by the County itself.

**Second**, the Texas Office of Court Administration's own Courtroom Accessibility Guide requires courts to ensure that persons with disabilities can *"partake in proceedings to the fullest extent necessary."* (App. 131–142.) Yet the same Guide simultaneously acknowledges that *"court administrators cannot grant,*

*as an ADA accommodation, requests that impact a judge's handling of pending court proceedings."* (App. 131–142.)

As Appellant's May 1, 2026 letter to the County Administrator made clear:

> The recurring problem is not that one judge made one bad call. The problem is structural. Tarrant County's current system appears to process hearings before it processes access. Requests affecting courtroom participation are routed into a fragmented space in which County personnel disclaim responsibility, court personnel lack clear coordinator information, no visible centralized intake or tracking system exists, no clear written grievance path is provided, and proceedings continue while access issues remain unresolved.

(App. 041; 045.)

This regulatory gap confirms that Appellant's denial of access results from a structural deficiency, not the exercise of individualized judicial discretion. The County cannot hide behind standards it cannot enforce. (App. 040–041.)

**Third**, Appellant's Public Comment submitted to the National Council on Disability documents the same systemic pattern: the County and the courts each disclaim responsibility, creating a Regulatory Unaccountability Loop in which no entity assumes the administrative duty Title II assigns. (App. 143–148.) The NCD has identified this type of jurisdictional fragmentation as a national access-to-justice crisis.

This systemic failure is not unique to Tarrant County. In *Kerns v. Smith County*, 2025 WL 2946094 (E.D. Tex. Mar. 25, 2025), a pro se plaintiff sued a neighboring Texas county for substantially identical conduct: refusing to designate

an ADA coordinator, denying accommodation requests, and claiming judges had sole discretion. The magistrate recommended dismissal of ADA injunctive claims because the plaintiff's underlying state case had already concluded — eliminating any ongoing harm and rendering prospective relief moot. Unlike *Kerns*, this Appellant seeks prospective relief before an imminent proceeding on May 8, 2026. The harm here is not past. It is 90 minutes away. *See also Erickson v. Inman*, 2026 WL 209970, at *11 (C.D. Ill. Jan. 27, 2026) (persuasive) (failure to respond to accommodation requests before adjudicative hearing stated independent ADA and due process violations).

Appellant seeks only process-based relief consistent with these authorities: identification of the responsible Title II coordinator, a written intake and confidentiality pathway, and a timely written determination applying Title II standards before the imminent proceeding proceeds in an inaccessible format. (App. 001–148.)

### C. Appellant Has Established a Pattern of Deliberate Denial Sufficient to Warrant Prospective Injunctive Relief under Title II

#### 1. *Crawford* Requires Only That a Pattern of Denials Demonstrate Likelihood of Recurrence — Appellant's Record Exceeds That Standard by Every Measure

In *Crawford v. Hinds County*, this Court held that a disabled plaintiff who was repeatedly denied meaningful access to jury service suffered discrete, cognizable injuries each time the system failed him — and that the accumulation of those

injuries established a pattern sufficient to support prospective relief. Chief Judge Ho's concurrence articulated the operative principle with precision: each denial is not a data point in an aggregate claim, but a standalone injury, and multiple such injuries shift the analysis from coincidence to pattern to policy.

*Crawford* established that discrete, recurring denials of access — each one a standalone injury — accumulate into a pattern that supports prospective relief. The principle applies here with greater force. Appellant has documented injuries across multiple proceedings, multiple courts, and multiple years: a trial proceeding without CART captioning or written submission accommodations, resulting in emergency medical intervention; a subsequent trial day lost to medical consequences of the prior day's inaccessible proceeding; a JP hearing that proceeded while she was hospitalized; and appellate access foreclosed when she sought relief. Each is a discrete, concrete injury. Each is traceable to the same structural absence. That is not a pattern of coincidence. It is evidence of policy.

### 2. The County's Conduct Has Crossed Beyond Deliberate Indifference Into Deliberate Defiance

The ADA's deliberate indifference standard asks whether a defendant knew of a substantial risk and consciously disregarded it. This Court has applied that standard consistently. But deliberate indifference describes a defendant who is aware and

passive. It does not fully describe a defendant who is aware, active, and on the record.

The trial court stated, on the record, in open court: *"We're not going to do that."* (RR Vol. 19, 23–24.) This statement was made thirteen months after formal written notice of Appellant's disability, formal requests for CART captioning and written submission, and documentation of her treating physician's and speech pathologist's findings. The court did not say it lacked resources. It did not say the request was procedurally premature. It said it would not comply. That is categorical, on-the-record refusal — after notice, with medical documentation in hand.

That is not indifference. Indifference is inaction. The trial court acted. It denied. It stated its refusal. It created a transcript.

The pattern did not stop there. On February 13, 2026, while Appellant was hospitalized, the court proceeded. When Appellant sought relief on appeal, that avenue was foreclosed as well. The sequence — formal notice, medical documentation, refusal, hospitalization, and closure of appellate remedies — is not a series of mistakes. It is a closed system that produces, with mathematical reliability, the exclusion of a disabled litigant from a proceeding in which her children's custody is at stake.

On April 30, 2026, the District Attorney of Tarrant County formally notified Appellant that her concerns were "not properly presented to Tarrant County" and

that the county has no authority over court accommodations. This letter was written after years of federal litigation, after formal notices to the NCD, after two documented medical crises during court proceedings, and after the record in this case was already assembled. A senior law enforcement official, fully informed, formally defended the structural policy that produced those hospitalizations. That is deliberate defiance stated as official legal position.

Finally: the ADA has required a Title II coordinator since January 26, 1992. The county cannot produce records of compliance spanning thirty-four years. At some point — and that point passed long ago — the absence of a legally required process is not an oversight. It is a choice.

### 3. The Structural Mechanism Confirms That Prospective Relief Is Both Necessary and Insufficient Without Systemic Remedy

Appellant's exhibits document what the record calls a "circular denial loop." The county administrator has stated in writing that once a matter involves the court, the county cannot control judges and the matter is closed. The court coordinator has stated in writing that the judge will not rule on accommodations unless the party appears in person. Appellant cannot appear in person without accommodations. She therefore cannot obtain the ruling that would authorize the accommodations she needs to appear.

This is not a procedural gap. It is a structural trap. It operates identically regardless of which individual judge, which coordinator, or which county administrator is in place on any given day. That is why it has operated identically across the 236th District Court, the 141st District Court, and the Justice of the Peace Court. The mechanism is county-wide, and the mechanism is working as designed.

Prospective injunctive relief under Title II is not merely appropriate here. Without a structural remedy—a court-ordered accommodation process, a designated coordinator, a functioning interactive dialogue mechanism—any individual-case relief will dissolve into the same loop the next time Appellant, or any other disabled litigant in Tarrant County, attempts to access these courts.

### 4. No Reasonable Defense Exists That Does Not Effectively Nullify Title II for All Texas Courts

Appellee's only available defenses are these: (1) judicial discretion; (2) county-court separation; and (3) compliance with local rules.

None of them survive contact with this record.

*Judicial discretion* governs case outcomes. It does not govern whether a litigant can access the room in which those outcomes are determined. A judge's independence to decide custody does not authorize the court to require that a litigant with a traumatic brain injury appear without communication assistance as the price

of being heard. The ADA does not exempt judicial discretion from Title II. No circuit has held that it does.

*County-court separation* — the argument that the county cannot control judges — does not constitute a defense; it constitutes a concession. If the county's position is that its structure prevents compliance with Title II, that is not a reason to deny relief. It is a description of the violation. The county is responsible for funding, administering, and operating the court system. It cannot delegate its Title II obligations to actors it claims it cannot control and then disclaim liability for the result.

*Local rules* cannot override federal civil rights law. More specifically: the Texas State Bar's own Courtroom Accessibility Guide lists CART captioning and written submission as standard, achievable accommodations. The court denied both. Whatever local authority the court claimed to exercise, it exercised it in defiance of the state body that sets professional standards for the courtrooms in which it operates.

If this Court affirms the denial of relief on any of these grounds, the logical consequence is that any Texas court can opt out of Title II by failing to establish a coordinator, by structuring its rules to require in-person appearance before accommodation is considered, and by designating no entity with authority to bridge

the gap. The ADA then applies to the disability rights posters in the courthouse lobby, and nothing else.

No appellate court should, or will, sign its name to that outcome. The text of Title II does not permit it. The purpose of Title II does not permit it. And the record in this case — with its hospitalization, its on-the-record refusal, its thirty-four-year absence of required administrative infrastructure, and its senior official's formal defense of the policy — makes the violation impossible to characterize as anything other than what it is.

The Court should reverse and remand with instructions to enter prospective injunctive relief requiring Tarrant County to establish a functioning Title II accommodation process, designate a coordinator, and implement the interactive dialogue Title II mandates.

### D. Irreparable Harm

The May 8 setting is imminent — set for 1:30 PM in person in Cause No. 236-363132-25, despite Appellant's pending requests for reasonable modifications and without any written Title II determination. (App. 001–030.)

Under *Strife*, delay in the interactive process where access is imminent can itself constitute a failure to accommodate. 138 F.4th at 244–46. Under *Luke*, the inability to meaningfully participate in a court proceeding is the injury — independent of ultimate outcome. 46 F.4th at 308–10. Under *Crawford*, systemic

structural failures present an ongoing threat sufficient to support prospective relief. 1 F.4th at 376–77.

If the proceeding goes forward without a functioning Title II process and a written determination, the harm cannot be fully cured: meaningful participation is time-sensitive, and the record created without access safeguards is inherently distorted. That distortion directly affects Appellant's ability to litigate matters involving housing, parent-child access, and pending claims for relief — all of which are unfolding while Appellant remains without any identified ADA coordinator, any intake pathway, or any written determination.

The absence of an imminent hearing date in every affected matter does not mean the absence of imminent harm. It means the harm is accumulating while the access deficit persists.

### E. Balance of Equities and Public Interest

The requested relief is not merits-directed and does not seek to re-litigate any underlying dispute. It seeks only the administrative steps that federal law has required Tarrant County to maintain since 1992 so that participation access is resolved before proceedings move forward.

The burden on Defendants–Appellees is minimal. The relief consists of identifying a responsible official, providing a written intake and confidentiality pathway, and issuing a written determination applying Title II standards — basic

compliance measures the County has had thirty-three years to implement. The burden of compliance is not comparable to the harm of exclusion.

The public interest is served by ensuring that county courts provide the Title II infrastructure required by law. Under *A.J.T.*, no heightened showing is required to obtain injunctive relief for ADA violations. 145 S.Ct. at 1654–55. A ruling that the County need not maintain any functioning process for participation-related accommodation requests would effectively exempt every public entity from 28 C.F.R. § 35.107 — an outcome Congress did not intend and this Court should not endorse.

The Department of Justice's own Office for Access to Justice has identified disability access as a core access-to-justice issue, noting that courts and administrative agencies "lack clear definitions of disability that apply in the legal system context" and that data on disability experiences in courts is rarely collected — making systemic failures like Tarrant County's effectively invisible without federal intervention. U.S. Dep't of Justice, Office for Access to Justice, Disability Access, available at justice.gov/atj.

In a single exhibit (App. 037–039), Tarrant County's own correspondence proves every element necessary to establish likelihood of success on the merits of Appellant's Title II claim: (1) Appellant is a qualified individual with a disability who requested accommodations; (2) Tarrant County is a public entity subject to Title

II; (3) the County admits it has no mechanism to evaluate or implement participation-related accommodation requests; (4) Appellant was directed in circles between the County and individual judges, neither of whom assumed administrative responsibility; and (5) the proceedings are advancing anyway. That single exhibit — the April 30, 2026 Sorrells/Owens letter — establishes all five elements. No discovery is required.

## VI.  APPENDIX

The following exhibits are filed in support of this motion:

| | |
|---|---|
| **Appendix A** | May 8 hearing notice and April 13–14, 2026 coordinator emails ("we hold hearings in person" / "does not review pleadings in advance") |
| **Appendix B** | April 14, 2026 filed Notice of Pending ADA Accommodation Request and Formal Objection |
| **Appendix C** | May 1, 2026 letter from Appellant to Tarrant County |
| **Appendix D** | April 30, 2026 letter from Phil Sorrells, Criminal District Attorney, and Katherine E. Owens, Assistant Criminal District Attorney, Tarrant County (admission that County has no authority over court accommodations) |
| **Appendix E** | Texas Office of Court Administration Courtroom Accessibility Guide |
| **Appendix F** | Appellant's Public Comment to the National Council on Disability documenting the Regulatory Unaccountability Loop |
| **Appendix G** | April 21, 2026 Open Records Response CDA-2026-897 |
| **Appendix H** | April 21, 2026 Judge Evans office receipt |
| **Appendix I** | April 24, 2026 Fort Worth ADA Coordinator email |

# VII. PRAYER

For the foregoing reasons, Appellant respectfully requests that this Court grant this Emergency Motion for Injunction Pending Appeal and enter narrowly tailored, process-based relief sufficient to ensure that the May 8, 2026 setting does not proceed in a manner that denies meaningful access before a written Title II determination is issued.

**Respectfully Submitted,**

*Kathryn Copeland*

**KATHRYN COPELAND**
**State Bar No. 24086056**
1137 S. Pine Street
Grapevine, Texas 76051
Tel: (817) 789-8498
Katie@KatieCopeland.com
***Pro Se Plaintiff-Appellant***

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains fewer than 5,200 words. This motion complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

*Kathryn Copeland*

**KATHRYN COPELAND**

**CERTIFICATE OF SERVICE**

I certify that on May 3, 2026, a true and correct copy of the foregoing Emergency Motion was filed with the Clerk of the Court using the Fifth Circuit's pro se filing system and served on counsel for Defendants–Appellees via email as follows:

Katherine E. Owens:    KEOwens@tarrantcountytx.gov

Stephen A. Lund:    SALund@tarrantcountytx.gov

*Kathryn Copeland*

**KATHRYN COPELAND**

# APPENDIX LIST

**Appendix A**
May 8 hearing notice and April 13–14, 2026 coordinator emails ("we hold hearings in person" / "does not review pleadings in advance")

**Appendix B**
April 14, 2026 filed Notice of Pending ADA Accommodation Request and Formal Objection

**Appendix C**
May 1, 2026 letter from Appellant to Tarrant County

**Appendix D**
April 30, 2026 letter from Phil Sorrells, Criminal District Attorney, and Katherine E. Owens, Assistant Criminal District Attorney, Tarrant County (admission that County has no authority over court accommodations)

**Appendix E**
Texas Office of Court Administration Courtroom Accessibility Guide (relevant pages)

**Appendix F**
Appellant's Public Comment to the National Council on Disability documenting the Regulatory Unaccountability Loop

**Appendix G**
Open Records Response CDA-2026-897, April 21, 2026

**Appendix H**
Email receipt from Judge Evans' office, April 21, 2026

**Appendix I**
Email from City of Fort Worth ADA/Title VI Coordinator, April 24, 2026

# APPENDIX A

**Newell setting + in-person requirement email chain (Cause No. 236-363132-25)**

(May 8, 2026 1:30 PM setting; in-person requirement and April 13–14, 2026 coordinator emails ("we hold hearings in person" / "does not review pleadings in advance"))

# RE: Threshold Jurisdictional Issue & ADA Interactive Process – Cause No. 236-363132-25

| | |
|---|---|
| From | Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> |
| To | katie@copelandlawtexas.com |
| CC | Dawn Livingston <dawnl@kellydeckerlaw.com>, Kelly Decker <kelly@kellydeckerlaw.com> |
| Date | Tuesday, April 14th, 2026 at 7:49 AM |

Good morning,

As previously stated, Judge Newell will not rule on a matter that is not properly presented to him during an in person setting.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.**

**App. 002**

**FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

`EXTERNAL EMAIL ALERT! Think Before You Click!`

Dear Ms. Wierzbicki,

Thank you for the clarification regarding the Local Rules for setting hearings.

To ensure the record is clear, I have filed two critical documents:

1. **Notice of Void Vexatious Litigant Orders** (filed 4/12/26); and
2. **Notice and Objection to In-Person Setting** (filed 4/14/26).

As a threshold matter, the **Notice of Void Orders** highlights that the January 21, 2025 order was entered after the trial court's plenary power had expired, making it void *ab initio* under *In re Florance*. Because the vacatur of a void order is a ministerial duty that can (and must) be performed by any court at any time, could you please clarify if the Judge intends to rule on this threshold jurisdictional issue **prior** to requiring a hearing on a Request for Permission to Proceed?

If the Court determines the order is void, the Chapter 11 permission process becomes moot.

**However, if the Court intends to proceed with a hearing regardless:**
Please be advised that I am awaiting the initiation of the **interactive process** required by Title II of the ADA. Because the Local Rules requiring in-person attendance constitute a "policy, practice, or procedure," my pending request seeks a **reasonable modification** of those rules to ensure meaningful access.

I look forward to the Court's guidance on:

1. Whether the "Voidness" of the order will be resolved as a threshold matter; and
2. The timeline for the ADA interactive process to determine an accessible format for any necessary proceedings.

Respectfully,                                                    **App. 003**

Kathryn "Katie" Copeland

(817) 789-8498

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

On Monday, April 13th, 2026 at 1:19 PM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

> Good afternoon,
>
> I will set this matter on May 8 at 1:30 p.m.
>
> Thank you,
>
> **Angie D. Wierzbicki**
>
> **Court Coordinator**
>
> **233rd Judicial District Court**
>
> **(817) 884-2686**
>
> Tarrant County Family Law Center
>
> 200 E. Weatherford St., 5th Floor
>
> Ft. Worth, TX 76196



> ***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.

**FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

`EXTERNAL EMAIL ALERT! Think Before You Click!`

---

Ms. Wierzbicki,

Please go ahead and set this matter for hearing on May 8th at 1:30 p.m.

Thank you.

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

**App. 005**

If you would like to make a payment on your invoice please click [here](#).

===============================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

**From:** Angie D. Wierzbicki <[ADWierzbicki@tarrantcountytx.gov](mailto:ADWierzbicki@tarrantcountytx.gov)>
**Sent:** Thursday, April 9, 2026 10:38 AM
**To:** Dawn Livingston <[dawnl@kellydeckerlaw.com](mailto:dawnl@kellydeckerlaw.com)>
**Cc:** Kelly Decker <[kelly@kellydeckerlaw.com](mailto:kelly@kellydeckerlaw.com)>; Katie Copeland <[katie@copelandlawtexas.com](mailto:katie@copelandlawtexas.com)>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

I am still holding this date until the close of business today. Under the local court rules, we must wait 2 business days to set which expires as of 5 p.m. today.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196

**App. 006**



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Thursday, April 9, 2026 9:21 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; Katie Copeland <katie@copelandlawtexas.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

**EXTERNAL EMAIL ALERT! Think Before You Click!**

---

Ms. Wierzbicki,

Since Ms. Copeland has been nonresponsive to the hearing request and per the local rules, please go ahead and set this matter for hearing on May 8th at 1:30 p.m.

Thank you.

**App. 007**

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

If you would like to make a payment on your invoice please click here.

================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

---

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Sent:** Wednesday, April 8, 2026 9:56 AM
**To:** Katie Copeland <katie@copelandlawtexas.com>
**Cc:** Dawn Livingston <dawnl@kellydeckerlaw.com>; Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

Judge Newell does not review pleadings in advance that are not properly before him; thus we hold hearings in person.

Thank you,

**App. 008**

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE***

PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Tuesday, April 7, 2026 11:35 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Dawn Livingston <dawnl@kellydeckerlaw.com>; Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**App. 009**

EXTERNAL EMAIL ALERT! Think Before You Click!

Dear Ms. Wierzbicki,

I want to clarify and expand on my prior ADA accommodation request to ensure it is accurately understood and considered.

Due to a documented brain injury affecting cognitive processing, working memory, and real-time communication, my limitation is not limited to physical presence. I am unable to effectively participate in fast-paced, real-time adversarial hearings—whether in person or via Zoom—without significant risk of being unable to respond, process, or protect my rights.

Accordingly, my requested accommodation is to proceed via written submission and written responses in lieu of live hearing.

Alternatively, if a hearing is required, a structured format that allows meaningful participation, including:

- advance submission of all arguments in writing,
- limited and clearly defined issues,
- allowance for written responses in place of real-time argument where necessary.

This request is necessary to ensure meaningful access to the proceeding, not merely physical or technical access.

To date, I have not received a determination on this request. The response indicating that the hearing will be in person does not address whether my accommodation request has been considered or denied.

I respectfully request:

- confirmation that my request is being evaluated under ADA procedures, and
- a written determination identifying what accommodation will be provided.

I am willing to provide supporting documentation if needed and to work cooperatively to identify an effective accommodation.

Thank you for your attention to this matter.

Respectfully,

Kathryn "Katie" Copeland

(817) 789-8498

When there is no access to justice

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

**App. 010**

On Tuesday, April 7th, 2026 at 3:35 PM, Angie D. Wierzbicki <<u>ADWierzbicki@tarrantcountytx.gov</u>> wrote:

Yes, this will be in person in Judge Newell's courtroom.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233ʳᵈ Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5ᵗʰ Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

**App. 011**

EXTERNAL EMAIL ALERT! Think Before You Click!

Ms. Wierzbicki,

I wanted to confirm that this is going to be an in-person hearing, correct?

Thank you.

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

If you would like to make a payment on your invoice please click here.

================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Sent:** Tuesday, April 7, 2026 3:24 PM
**To:** Dawn Livingston <dawnl@kellydeckerlaw.com>

**App. 012**

Thank you.

Ms. Copeland?

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**App. 013**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Tuesday, April 7, 2026 3:04 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; katie@copelandlawtexas.com
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

EXTERNAL EMAIL ALERT! Think Before You Click!

---

Good afternoon,

Ms. Decker is available May 8th in the morning or afternoon.

Thank you!

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

**App. 014**

If you would like to make a payment on your invoice please click here.

======================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

---

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Sent:** Tuesday, April 7, 2026 8:46:30 AM (UTC-06:00) Central Time (US & Canada)
**To:** Katie Copeland <katie@copelandlawtexas.com>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

My apologies, yes, May 8 at 9:00 or 1:30.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**App. 015**

**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, April 6, 2026 5:18 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

| |
|---|
| `EXTERNAL EMAIL ALERT! Think Before You Click!` |

I am not available that day. Did you mean May 8 instead of May 9 since the 9th is a Saturday?

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

**App. 016**

On Monday, April 6th, 2026 at 11:55 AM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

Thank you.

Ms. Copeland, will this date work for you?

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196

**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

EXTERNAL EMAIL ALERT! Think Before You Click!

Dear Ms. Wierzbicki, I am representing myself and my law firm. I am available 4-22 at 9a or 1:30p.

KWD

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Sent:** Monday, April 6, 2026 11:43 AM
**To:** Katie Copeland <katie@copelandlawtexas.com>; Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

Currently I have the following available:

April 22 at 9:00 or 1:30

May 5 at 9:00 or 1:30

May 9 at 9:00 or 1:30

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

**App. 018**



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Thursday, April 2, 2026 2:36 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

> `EXTERNAL EMAIL ALERT! Think Before You Click!`

---

Kelly Decker at  is the Defendant and she is representing herself (to my understanding).

Sincerely,

**App. 019**

Kathryn "Katie" Copeland

(817) 789-8498

On Wednesday, April 1st, 2026 at 4:41 PM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

Good afternoon,

Per Judge Newell, please include all parties/attorneys so that I can provide dates for this setting no later than April 8, 2026.  Failure to respond with all parties/attorneys included no later than April 8, 2026, your request for permission will be dismissed for want of prosecution on April 9, 2026.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



## ***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER

**App. 020**

**COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE*****

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

EXTERNAL EMAIL ALERT! Think Before You Click!

That's not really how this process works. Has the judge looked at this?

Katie

-------- Original Message --------
On Friday, 03/20/26 at 10:13 Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

Good morning,

Please include all parties/attorneys so that I can provide dates for this setting.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**App. 021**


***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE***

PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Thursday, March 19, 2026 8:20 PM
**To:** Kenneth E. Newell <KENewell@tarrantcountytx.gov>; Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

You don't often get email from katie@copelandlawtexas.com. Learn why this is important

EXTERNAL EMAIL ALERT! Think Before You Click!

App. 022

Judge Newell and Ms. Wierzbicki,

My name is Kathryn M. Copeland (State Bar No. 24086056). I am appearing pro se in multiple Tarrant County matters and am writing to request permission under Tex. Civ. Prac. & Rem. Code § 11.102 and to formally request ADA accommodations necessary to access this process.

## I. REQUEST FOR PERMISSION

I have prepared and am submitting a Motion for Permission to Maintain Litigation, along with a proposed order and supporting materials.

These filings address:

- the nature of the claims,
- the procedural posture, and
- the basis for permission under § 11.102(b).

I respectfully request that the Local Administrative Judge grant permission to allow these matters to proceed.

## II. ADA ACCOMMODATION REQUEST

I was advised that I would need to appear in person to seek relief. Due to documented disability, I am unable to do so.

Accordingly, I formally request the following reasonable accommodations pursuant to Title II of the ADA:

- Permission to proceed via written submission (this email and attached filings);
- A written or email response;
- If a hearing is required, the ability to participate remotely (Zoom or telephone).

## III. CONTEXT

I am acting in good faith to comply with Chapter 11 while preserving my rights.

The underlying vexatious litigant determinations raise substantial jurisdictional and procedural issues that are being addressed through appropriate legal channels. In the meantime, I am seeking permission to proceed so that my claims are not lost due to procedural barriers.

Because void orders cannot properly restrict access to the courts, I respectfully request that permission be granted to ensure meaningful access while these issues are resolved.

## IV. REQUEST

I respectfully request:

**App. 023**

- consideration of my Motion for Permission under § 11.102;
- confirmation that my ADA accommodation request has been received; and
- guidance on any additional procedural steps required.

Thank you for your time and consideration.

Respectfully submitted,

**KATHRYN M. COPELAND**

State Bar No. 24086056

katie@copelandlawtexas.com

(817) 789-8498

*Licensed Texas Attorney appearing pro se*

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, March 23, 2026 4:24 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** Re: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**From:** Kelly Decker <kelly@kellydeckerlaw.com>
**Sent:** Monday, April 6, 2026 11:55 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>; Katie Copeland <katie@copelandlawtexas.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Tuesday, April 7, 2026 3:33 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; katie@copelandlawtexas.com
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**App. 024**

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Monday, April 13, 2026 9:06 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; Katie Copeland <katie@copelandlawtexas.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Tuesday, April 14, 2026 1:52 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Dawn Livingston <dawnl@kellydeckerlaw.com>; Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** Threshold Jurisdictional Issue & ADA Interactive Process – Cause No. 236-363132-25

**119.74 KB**     1 embedded image

image001.png 119.74 KB

**App. 025**

# APPENDIX B

April 14, 2026 filed Notice of Pending ADA Accommodation Request and Formal Objection

FILED
TARRANT COUNTY
4/14/2026 12:39 AM
THOMAS A. WILDER
DISTRICT CLERK

**NO. 236-363132-25**

| | | |
|---|---|---|
| **KATHRYN COPELAND,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KELLY DECKER, individually** | § | **236th JUDICIAL DISTRICT** |
| **And d/b/a KELLY DECKER** | § | |
| **LAW, PLLC, and** | § | |
| **formerly d/b/a DECKER POOLE,** | § | |
| **jointly and severally,** | § | |
| **Defendants** | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S NOTICE OF PENDING ADA ACCOMMODATION REQUEST AND FORMAL OBJECTION TO IN-PERSON HEARING REQUIREMENT

**TO THE HONORABLE JUDGE NEWELL, LOCAL ADMINISTRATIVE JUDGE:**

Plaintiff Kathryn Copeland files this Notice and Objection regarding the hearing set for May 8, 2026, and respectfully shows:

1. **Pending Accommodation Request:** On March 19, 2026, Plaintiff submitted a formal Request for Reasonable Accommodations under Title II of the ADA, supported by an offer of medical documentation of a cognitive impairment affecting real-time processing and verbal communication.

2. **Denial via Email:** On April 13, 2026, the Court Coordinator informed Plaintiff via email that "Judge Newell does not review pleadings in advance... thus we hold hearings in person."

**App. 027**

3. **Objection:** Plaintiff formally objects to the requirement of an in-person hearing as the primary method for determining her Request for Permission under § 11.102. Requiring an in-person, oral-only hearing format for a litigant with documented cognitive disabilities—without first ruling on requested modifications to that format—is a violation of Title II of the Americans with Disabilities Act.

4. **Ministerial Duty:** Under 28 C.F.R. § 35.130(b)(7), the Court has an affirmative duty to provide reasonable modifications to policies, practices, or procedures when necessary to avoid discrimination on the basis of disability. A categorical refusal to "review pleadings in advance" regarding a disability accommodation request constitutes a failure to engage in the required interactive process.

5. **Request for Ruling:** Plaintiff requests a written ruling on her requested accommodations (written submission or virtual format) **prior** to the May 8 setting. Without a ruling and appropriate safeguards, Plaintiff is denied meaningful access to the very proceeding intended to determine her right to litigate.

Respectfully Submitted,

KATHRYN COPELAND
405 Crawford St. #2145
Fort Worth, Texas 76104
Tel: (817) 789-8498
Katie@CopelandLawTexas.com
*Plaintiff, Pro Se*

**Dated:** April 14, 2026

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on April 14, 2026.

KATHRYN COPELAND

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 113604116
Filing Code Description: Notice
Filing Description: PLAINTIFF???S NOTICE OF PENDING ADA ACCOMMODATION REQUEST AND FORMAL OBJECTION TO IN-PERSON HEARING REQUIREMENT
Status as of 4/15/2026 3:48 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kelly Decker | 24048427 | kelly@deckerpoole.com | 4/14/2026 12:39:37 AM | SENT |
| Kelly WDecker | | kelly@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Kelly WDecker | | kelly@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Kelly WDecker | | kelly@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Dawn Livingston | | dawnL@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Dawn Livingston | | dawnL@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Dawn Livingston | | dawnL@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Patrick L.Dooley | | patrick@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Patrick L.Dooley | | patrick@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Patrick L.Dooley | | patrick@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Trisha Pizano | | trisha@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Dianna Herrera | | office@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Dianna Herrera | | office@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Dianna Herrera | | office@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Kelly Decker | | kelly@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Brianna Pizano | | Brianna@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Kathryn Copeland | | kcopelandlaw@gmail.com | 4/14/2026 12:39:37 AM | SENT |
| Brenda Rios | | brenda@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Brenda Rios | | brenda@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |
| Brenda Rios | | brenda@kellydeckerlaw.com | 4/14/2026 12:39:37 AM | SENT |

**App. 030**

# APPENDIX C

May 1, 2026 letter from Appellant to
Tarrant County

# COPELAND LAW

**1137 S. PINE STREET**
**GRAPEVINE, TEXAS 76051**
**MAIN: (817) 789-8498**
**KATIE@COPELANDLAWTEXAS.COM**

**MAY 1, 2026**

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
KATHERINE OWENS
ASSISTANT CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
401 W. BELKAP
FORT WORTH, TEXAS 76196

**RE:  *TITLE II ADA COURT-ACCESS INFRASTRUCTURE —***
***REQUEST FOR CLARIFICATION & CORRECTIVE ACTION***

Dear Mr. Sorrells and Ms. Owens,

I write in response to your April 30, 2026 letter regarding my April 20, 2026 correspondence to County Administrator Chandler Merritt. Your letter takes the position that (1) accommodation requests affecting participation in court proceedings are solely within the discretion of individual judges and therefore not properly presented to Tarrant County, and (2) the County's ADA responsibility is limited to "accessing and navigating" physical facilities. Respectfully, that framing does not address the structural issue presented: the absence of an identifiable, functioning Title II administrative pathway for court-user accommodation requests affecting meaningful participation.

**App. 032**

1. **Title II is not limited to physical navigation; it governs meaningful access to court services**

Your letter states that Tarrant County "provides assistance for those with disabilities that prevent them from accessing and navigating the County's physical facilities, programs, services, and activities," and that my case occurred in "a state District Court that is located within, but not controlled by, Tarrant County." Respectfully, Title II applies to a public entity's **services, programs, and activities** and requires **meaningful access**, not merely physical entry.

For clarity: I am not asking Tarrant County to control judicial outcomes or change the merits of any ruling. I am asking the County to identify and operate the **administrative Title II compliance infrastructure** that must exist so court users have a functioning pathway for participation-related accommodation requests *before proceedings move forward.*

2. **Adjudicative discretion is distinct from non-delegable, ministerial Title II compliance infrastructure**

Your letter states that accommodation decisions that would "modify court proceedings" are within a judge's "sole discretion," and therefore that concerns with the accommodation process are not properly presented to the County. Respectfully, that conflates two separate categories of responsibility.

A judge may exercise discretion over case merits and management in an individual proceeding. However, Title II imposes **entity-level administrative obligations** on the public entity—including (at minimum) designation of a responsible employee/coordinator and adoption of a prompt and equitable grievance procedure. See **28 C.F.R. § 35.107**. These are baseline compliance infrastructure requirements; they are not merits rulings.

The record reflects fragmentation at the administrative level, including:

- County staff stating they are "not aware" how courts handle requests once notified and that the County "considers the matter closed" when a request involves a court proceeding; and

- Court personnel stating they are "not sure" a designated ADA Coordinator exists.

Your letter notes that I "feel the process is fragmented," but does not identify any centralized intake/routing procedure, responsible Title II coordinator for court-user participation requests, or grievance pathway. The absence of any identified process is the structural issue presented.

This is not an issue confined to a single case type or a single court. The same breakdown—no clearly identified Title II coordinator for court-user participation requests, no centralized intake/routing, no confidential documentation pathway, and no reliable written determinations—has manifested across multiple unrelated proceedings in which I have sought participation-related accommodations. The recurrence across different dockets and court personnel is the hallmark of an **infrastructure failure**, not a case-specific disagreement.

### 3. Comparative benchmark (feasibility; narrow point)

By way of feasibility benchmark, the City of Fort Worth maintains an ADA compliance framework that includes public notice and a grievance/appeal pathway. This demonstrates that the administrative components requested here—designation of a responsible coordinator, a published intake/routing procedure, a confidentiality procedure for disability documentation, and a grievance process—are practicable and standard features of Title II compliance.

### 4. Preservation (renewed)

All prior preservation demands remain in effect. This includes preservation of documents and electronically stored information relating to court-user ADA accommodation processing, including but not limited to: emails; forms; logs; routing instructions; coordinator designation materials; grievance materials; website content and revision history; accessibility testing/audits; and communications reflecting County versus judicial responsibility for court-user accommodation requests affecting participation.

### 5. Notice of DOJ Title II administrative complaint; anti-retaliation / non-interference

Please be advised that I have filed a Title II administrative complaint with the U.S. Department of Justice concerning Tarrant County's structural failure to provide accessible court services (DOJ record no. **762813-SCP**).

Federal law prohibits retaliation and interference with ADA rights, including coercion, intimidation, threats, or interference related to requesting accommodations or participating in protected activity. See **28 C.F.R. § 35.134**; **42 U.S.C. § 12203**.

Accordingly, I will continue to document and preserve communications and actions relevant to whether a functioning Title II pathway is being identified and operated for court-user participation needs, including continued "closed" administrative responses that do not identify a responsible coordinator, a written intake/routing process, or an applicable grievance procedure while proceedings continue in a format that is not accessible to me.

**Requested clarification and administrative resolution**
**(7-day response requested—May 8, 2026 at 12:00 PM)**

To resolve this matter administratively, please provide within seven (7) calendar days, May 8, 2026 at 12:00 PM:

1) The **name, title, office address, telephone number, and email address** of the person designated to coordinate Title II compliance for **court-user accommodation matters affecting participation**;

2) The County's written **intake/routing procedure** for such requests, including the procedure for **confidential submission and handling** of disability documentation outside the public case file; and

3) The County's written **grievance procedure** applicable to denial or non-resolution of court-user accommodation requests affecting participation.

If the County's position is that one or more of the above items **do not exist**, please confirm that position in writing and identify the office(s) responsible for Title II compliance for court services, including who is authorized to discuss administrative resolution of these structural compliance issues.

Respectfully,

Kathryn "Katie" Copeland
State Bar No. 24086056
(817) 789-8498
Katie@CopelandLawTexas.com

# APPENDIX D

**County Title II correspondence chain**

April 30, 2026 letter from Phil Sorrells, Criminal District Attorney, and Katherine E. Owens, Assistant Criminal District Attorney, Tarrant County (admission that County has no authority over court accommodations)



**PHIL SORRELLS**
Criminal District Attorney
Tarrant County

April 30, 2026

Ms. Kathryn Copeland                    *Via E-Mail*
Copeland Law
1137 S. Pine Street
Grapevine, Texas 76051

      Re:    Letter dated April 20, 2026 to the County Administrator

Ms. Copeland,

I am in receipt of your correspondence dated April 20, 2026, which was addressed to County Administrator Chandler Merritt. After reviewing this letter and the attached exhibits, I understand you have concerns regarding the provision of ADA accommodations during the course of your family court judicial proceedings.

First, I understand that you requested ADA accommodations from Tarrant County District Court Judges and were dissatisfied with their decisions. As the County communicated to you upon your initial request to the County for judicial ADA accommodations, the County does not have control over a particular state District Court Judge's decision when a litigant seeks ADA accommodations that would modify court proceedings. Such a decision relates to a judge's adjudicative responsibilities and is within a judge's sole discretion. Tarrant County, on the other hand, provides assistance for those with disabilities that prevent them from accessing and navigating the County's physical facilities, programs, services, and activities, whether in person or virtually. While I understand you are frustrated and feel the process is fragmented, your case took place in a state District Court that is located within, but not controlled by, Tarrant County. Thus, concerns with the state court ADA accommodation process are not properly presented to Tarrant County because the County cannot control or change the outcome of your legal proceedings.

Your letter also requests certain documents. It is my understanding that you submitted an open records request that mirrors your request for records in your April 20 correspondence, and

**App. 038**

that the open records request was closed on or about April 21, 2026. Thus, you have received the records in the County's possession that are responsive to your request.

Finally, you expressed concerns with the County's Title II compliance. Tarrant County takes its obligations under Title II seriously and remains committed to ensuring all individuals, including those with disabilities, have access to the County. As your frustrations relate to judicial decisions and do not outline any issues accessing County facilities or programs, it does not appear that the County is required to take corrective action based on the allegations you presented.

Thank you for giving us an opportunity to review and address your concerns. If you have any additional questions regarding the County's ADA policies, please contact me directly.

Sincerely,

Phil Sorrells
Criminal District Attorney
Tarrant County, Texas

*Katherine E. Owens*

KATHERINE E. OWENS
Assistant Criminal District Attorney

KEO/psm

**App. 039**

# COPELAND LAW

**1137 S. PINE STREET**
**GRAPEVINE, TEXAS 76051**
**MAIN: (817) 789-8498**
**KATIE@COPELANDLAWTEXAS.COM**

**APRIL 20, 2026**

CHANDLER MERRITT
COUNTY ADMINISTRATOR
TARRANT COUNTY, TEXAS
100 E. WEATHERFORD STREET
FORT WORTH, TEXAS 76196

**RE:** ***FORMAL DEMAND REGARDING TITLE II ADA
COURT-ACCESS COMPLIANCE FAILURES,
PRESERVATION OF EVIDENCE, AND
REQUEST FOR ADMINISTRATIVE RESOLUTION***

Dear County Administrator:

I write to demand immediate administrative action regarding Tarrant County's ongoing failure to maintain and operate a coherent, accessible, Title II-compliant process for court-user accommodation requests affecting meaningful participation in court proceedings.

This letter is not a request for special treatment. It is a demand that Tarrant County identify and implement the administrative structure federal law already requires.

## I.     Nature of the problem

The recurring problem is not that one judge made one bad call. The problem is structural.

**App. 040**

Tarrant County's current system appears to process hearings before it processes access. Requests affecting courtroom participation are routed into a fragmented space in which County personnel disclaim responsibility, court personnel lack clear coordinator information, no visible centralized intake or tracking system exists, no clear written grievance path is provided, and proceedings continue while access issues remain unresolved. See attached System Failure summary.

## II.  What federal law requires

Title II of the ADA requires public entities to maintain core compliance infrastructure, including:

- self-evaluation of services, policies, and practices, 28 C.F.R. § 35.105;

- public notice of ADA rights and obligations, 28 C.F.R. § 35.106;

- designation of a responsible employee to coordinate compliance and implementation of grievance procedures, 28 C.F.R. § 35.107; and

- meaningful access to programs, services, and activities, including effective communication and reasonable modification where required.

The Department of Justice has treated counties as responsible public entities for these obligations in formal ADA compliance reviews and settlements, including Galveston County, Texas, where DOJ reviewed self-evaluation, notice, coordinator designation, grievance procedures, program accessibility, effective communication, and related county responsibilities.

## III.  What I actually tried

I did not bypass the system. I repeatedly attempted to use and identify it.

### A. County-level outreach

In January 2026, I attempted through counsel to discuss ADA Title II compliance issues affecting multiple Tarrant County courts before imminent hearings. The response from Assistant District Attorney Steve Lund was that Tarrant County had no authority or control over state district judges and that, in JP matters, the judge was the decision-maker on accommodation requests.

**App. 041**

On March 30 and April 1, 2026, I contacted Assistant County Administrator Travis Yarbrough seeking clarification of who serves as the appropriate ADA decision-maker for court-user accommodations, how requests are processed across courts, and how the interactive process is initiated and documented. He responded that each presiding judge is their own decision-maker with regard to court proceedings, that he was not aware of how each court handles requests once notified, and that because the request concerned a court proceeding and not County ADA compliance, the response and direction to the court caused the County to consider the matter closed.

That response is not a functioning ADA pathway. It is an admission of fragmentation.

## B. Court-level requests

In the 233rd District Court, I submitted a written request explaining that due to documented brain injury affecting cognitive processing, working memory, and real-time communication, I could not effectively participate in fast-paced, real-time adversarial hearings and requested written submission in lieu of live hearing, or a structured alternative with written participation safeguards. I expressly requested confirmation that my request was being evaluated under ADA procedures and a written determination identifying what accommodation would be provided.

The response was not an individualized evaluation. Instead, I was told the hearing would be in person, that Judge Newell does not review pleadings in advance and "thus we hold hearings in person," and later that Judge Newell would not rule on a matter not properly presented during an in person setting.

In the 141st District Court, after asking who the ADA coordinator was and how confidential medical documentation should be routed, I was told by the court coordinator, "I'm not sure we have a designated 'ADA Coordinator,'" and was given no clear administrative routing path.

## C. Public records request

I submitted a Texas Public Information Act request seeking records relating to Tarrant County's Title II self-evaluation, ADA coordinator designation, grievance procedures, Title II court-operation policies, and retention information. In response, the County produced employment-side ADA materials

<div align="right">**App. 042**</div>

and a general retention schedule rather than the Title II court-user infra-structure records actually requested. I then followed up in writing to clarify that my request concerned Title II county/courthouse obligations, not employment ADA.

The resulting record strongly suggests that Tarrant County has a more identifiable ADA structure for employees than for court users.

## IV.  Why this matters

This failure is not abstract.

When no coherent administrative pathway exists:

- disabled litigants must guess who decides access;
- requests affecting hearings are treated as courtroom preferences instead of civil-rights obligations;
- disability documentation lacks a clearly defined confidential route;
- no one entity owns the process from intake through determination;
- no written determination reliably issues before hearings proceed; and
- harm occurs before review becomes meaningful.

My experience reflects precisely that pattern.

## V.  Additional external indicators

The Department of Justice has publicly required Texas counties to adopt structured accessibility measures when county-operated public functions were found noncompliant, including in Travis County and Galveston County.

Tarrant County is also on notice that accessibility obligations are not limited to physical barriers. Title II applies to communication, policies, procedures, grievance systems, and programmatic access.

## VI. Demand for corrective action

Accordingly, I demand that Tarrant County provide the following in writing no later than **5:00 p.m. on Thursday, April 30, 2026**:

1. the name, title, office address, telephone number, and email address of the person designated to coordinate Title II ADA compliance for court-user accommodation matters affecting Tarrant County courts;

2. the written policy or procedure governing intake, routing, evaluation, tracking, and resolution of court-user accommodation requests;

3. the written procedure for confidential submission and handling of disability documentation outside the public case file;

4. the written grievance or appeal procedure applicable to denial or non-resolution of such requests;

5. the County's Title II self-evaluation records, updates, or a written statement confirming whether no such records presently exist;

6. the County's public notice materials relating to court-user ADA rights and accommodations;

7. identification of any training materials used for judges, court coordinators, clerks, or County personnel regarding Title II accommodation requests affecting court participation;

8. confirmation that all relevant records are being preserved, including emails, forms, logs, website materials, coordinator materials, routing instructions, grievance records, accessibility audits, and communications regarding County versus judicial responsibility; and

9. identification of the person authorized to discuss administrative resolution and settlement of these issues.

## VII. Preservation demand

Please preserve all documents and electronically stored information relating to:

- ADA court-user accommodation requests;
- ADA/public accommodation forms and website content;
- accessibility audits or website accessibility testing;
- ADA coordinator designation;
- grievance procedures;
- Title II self-evaluation;
- employee/public ADA policy distinctions;
- communications concerning County or judges responsibility;
- all communications involving my requests specifically; and
- any internal communications regarding court-user accommodations, routing, confidentiality, denial, or closure of requests.

This preservation demand includes email, text messages, internal chats, portal records, metadata, website revision history, logs, drafts, attachments, and archived materials.

## VIII. Opportunity to resolve this without further escalation

I am providing Tarrant County an opportunity to correct and resolve this matter administratively before further action is taken.

If Tarrant County believes a lawful, centralized, functioning process already exists, this is the time to identify it clearly and document it. If it does not exist, the County should say so and move immediately toward corrective action.

Please direct the written response to me at the contact information below by the deadline stated above.

Respectfully,

*Kathryn Copeland*

Kathryn "Katie" Copeland
State Bar No. 24086056
(817) 789-8498
Katie@CopelandLawTexas.com

# Exhibit 1 -
# 2026.04.01 Yarbrough Email

App. 046

# Re: ADA Justice Issue

From    Travis H. Yarbrough <thyarbrough@tarrantcountytx.gov>

To      katie@copelandlawtexas.com

Date    Wednesday, April 1st, 2026 at 3:03 PM

The presiding Judge over each court is their own decision maker with regards to court proceedings. I am not aware of how each court handles their request once they get notified.

Since it is a court proceeding request and not falling under the County's ADA compliance the response and directing them to the court then considers the matter closed.



## Travis Yarbrough

*Assistant County Administrator*

100 E Weatherford St. Suite 404
Fort Worth, TX 76196
Phone: 817-884-2643
Email: thyarbrough@tarrantcountytx.gov

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, March 30, 2026 4:13 PM
**To:** Travis H. Yarbrough <thyarbrough@tarrantcountytx.gov>
**Subject:** Re: ADA Justice Issue

**EXTERNAL EMAIL ALERT! Think Before You Click!**

Hi Mr. Yarbrough,

Thank you for your response.

This is related in part to my earlier request, but it also concerns an ongoing and active access issue in a current civil matter in the 141st District Court (Cause No. 141-370402-25).

The issue I am encountering is not limited to a single court, but appears to involve a broader gap in how ADA accommodation requests are received, routed, and resolved for court users at the county level.

In my current case, I have made repeated requests for accommodations necessary for meaningful participation due to documented cognitive limitations. However, there has been no clear ADA coordination pathway, no identified decision-maker, and no interactive process through which those requests are evaluated.

As a result, proceedings have continued while access issues remain unresolved.

At this point, I am trying to identify:                                  **App. 047**

- who serves as the appropriate ADA decision-maker for court-user accommodations at the county level;

- how requests are supposed to be processed across courts; and

- how an interactive process is initiated and documented.

If this falls within your scope, I would appreciate your guidance. If not, I would be grateful if you could direct me to the appropriate individual responsible for ADA coordination in this context.

I appreciate your time and your help in clarifying this.

Best regards,

Kathryn "Katie" Copeland
(817) 789-8498

On Friday, March 27th, 2026 at 2:17 PM, Travis H. Yarbrough <thyarbrough@tarrantcountytx.gov> wrote:

> Good afternoon Ms. Copeland,
>
> I was given a message that you reached out to our office yesterday concerning an ADA question. I did find a request from you that went to Justice of the Peace court No. 3 earlier this year. Does this happen to be in relation to that request or something entirely different?
>
>
> **Travis Yarbrough**
> *Assistant County Administrator*
> 100 E Weatherford St. Suite 404
> Fort Worth, TX 76196
> Phone: 817-884-2643
> Email: thyarbrough@tarrantcountytx.gov

---

**38.07 KB**    2 embedded images

| Outlook-eblxy3s4.png 19.04 KB | Outlook-flwgoutp.png 19.04 KB |

**App. 048**

# Exhibit 2 -
# 2026.04.20 Cori James
# 141st Coordinator Email

# RE: 141-370402-25 - ORDER - Weinstein Management Co., etal vs. Kathryn Copeland

| | |
|---|---|
| From | Courts - 141st Judicial District Court <141stJDC@tarrantcountytx.gov> |
| To | katie@copelandlawtexas.com |
| Date | Monday, April 20th, 2026 at 3:47 PM |

Are you talking about for the 141st (and Justice Gabriel)? Or for Judge Evans?

I'm not sure we have a designated "ADA Coordinator". Medical documentation for what? Anything filed for the case can be labeled sensitive and not made public in the case file. I guess I'm confused as to exactly what you are needing.

Cori James

Court Coordinator

141st District Court

100 N. Calhoun Street

Fort Worth, Texas  76102

817-884-1992

141stJDC@tarrantcountytx.gov

<div style="border:1px solid black; padding:10px;">

**EXTERNAL EMAIL ALERT! Think Before You Click!**

</div>

Ms. James,

Thank you for your email. Can you please advise who the ADA Coordinator is for the court? I need to know their procedure for confidential medical documentation.

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

**App. 050**

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

On Monday, April 20th, 2026 at 9:30 AM, Courts – 141st Judicial District Court <141stJDC@tarrantcountytx.gov> wrote:

> Counselors,
>
> Judge Evans, the presiding Judge of the Eighth Administrative Judicial Region, has issued an Order regarding Ms. Copeland's Motion to Recuse, see attached. Judge Evans has denied the motion. A copy of this Order will also be sent out by the District Clerk's office. Please let me know if you have any questions.
>
> Cori James
>
> Court Coordinator
>
> 141st District Court
>
> 100 N. Calhoun Street
>
> Fort Worth, Texas  76102
>
> 817-884-1992
>
> 141stJDC@tarrantcountytx.gov

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, April 20, 2026 3:41 PM
**To:** Courts - 141st Judicial District Court <141stJDC@tarrantcountytx.gov>
**Subject:** Re: 141-370402-25 - ORDER - Weinstein Management Co., etal vs. Kathryn Copeland

**App. 051**

# Exhibit 3 -
# 2026.04.07-14 Newell ADA Request Chain

App. 052

# RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

| | |
|---|---|
| From | Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> |
| To | katie@copelandlawtexas.com |
| CC | Dawn Livingston<dawnl@kellydeckerlaw.com>, Kelly Decker<kelly@kellydeckerlaw.com> |
| Date | Wednesday, April 8th, 2026 at 9:56 AM |

Good morning,

Judge Newell does not review pleadings in advance that are not properly before him; thus we hold hearings in person.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**<span style="color:red">\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\*</span>**

**App. 053**

**EXTERNAL EMAIL ALERT! Think Before You Click!**

Dear Ms. Wierzbicki,

I want to clarify and expand on my prior ADA accommodation request to ensure it is accurately understood and considered.

Due to a documented brain injury affecting cognitive processing, working memory, and real-time communication, my limitation is not limited to physical presence. I am unable to effectively participate in fast-paced, real-time adversarial hearings—whether in person or via Zoom—without significant risk of being unable to respond, process, or protect my rights.

Accordingly, my requested accommodation is to proceed via written submission and written responses in lieu of live hearing.

Alternatively, if a hearing is required, a structured format that allows meaningful participation, including:

- advance submission of all arguments in writing,
- limited and clearly defined issues,
- allowance for written responses in place of real-time argument where necessary.

This request is necessary to ensure meaningful access to the proceeding, not merely physical or technical access.

To date, I have not received a determination on this request. The response indicating that the hearing will be in person does not address whether my accommodation request has been considered or denied.

I respectfully request:

- confirmation that my request is being evaluated under ADA procedures, and
- a written determination identifying what accommodation will be provided.

I am willing to provide supporting documentation if needed and to work cooperatively to identify an effective accommodation.

Thank you for your attention to this matter.

Respectfully,

Kathryn "Katie" Copeland

(817) 789-8498

**App. 054**

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

On Tuesday, April 7th, 2026 at 3:35 PM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

Yes, this will be in person in Judge Newell's courtroom.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

EXTERNAL EMAIL ALERT! Think Before You Click!

Ms. Wierzbicki,

I wanted to confirm that this is going to be an in-person hearing, correct?

Thank you.

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

If you would like to make a payment on your invoice please click here.

================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Sent:** Tuesday, April 7, 2026 3:24 PM
**To:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; katie@copelandlawtexas.com
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**App. 056**

Thank you.

Ms. Copeland?

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>

**Sent:** Tuesday, April 7, 2026 3:04 PM

**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>

**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; katie@copelandlawtexas.com

**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

> **EXTERNAL EMAIL ALERT! Think Before You Click!**

Good afternoon,

Ms. Decker is available May 8th in the morning or afternoon.

Thank you!

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

If you would like to make a payment on your invoice please click here.

============================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.**App. 058**

**From:** Angie D. Wierzbicki <<u>ADWierzbicki@tarrantcountytx.gov</u>>

**Sent:** Tuesday, April 7, 2026 8:46:30 AM (UTC-06:00) Central Time (US & Canada)

**To:** Katie Copeland <<u>katie@copelandlawtexas.com</u>>

**Cc:** Kelly Decker <<u>kelly@kellydeckerlaw.com</u>>

**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

My apologies, yes, May 8 at 9:00 or 1:30.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**App. 059**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, April 6, 2026 5:18 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

```
EXTERNAL EMAIL ALERT! Think Before You Click!
```

I am not available that day. Did you mean May 8 instead of May 9 since the 9th is a Saturday?

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

On Monday, April 6th, 2026 at 11:55 AM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

> Thank you.
>
> Ms. Copeland, will this date work for you?
>
> Thank you,
>
> **Angie D. Wierzbicki**
>
> **Court Coordinator**

**App. 060**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**<span style="color:red">\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\*</span>**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

EXTERNAL EMAIL ALERT! Think Before You Click!

Dear Ms. Wierzbicki, I am representing myself and my law firm. I am available 4-22 at 9a or 1:30p.

KWD

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Sent:** Monday, April 6, 2026 11:43 AM

**App. 061**

**To:** Katie Copeland <katie@copelandlawtexas.com>; Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

Currently I have the following available:

April 22 at 9:00 or 1:30

May 5 at 9:00 or 1:30

May 9 at 9:00 or 1:30

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**<span style="color:red">\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\*</span>**

App. 062

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Thursday, April 2, 2026 2:36 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

**EXTERNAL EMAIL ALERT! Think Before You Click!**

---

Kelly Decker at  is the Defendant and she is representing herself (to my understanding).


Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498


On Wednesday, April 1st, 2026 at 4:41 PM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

> Good afternoon,
>
> Per Judge Newell, please include all parties/attorneys so that I can provide dates for this setting no later than April 8, 2026.  Failure to respond with all parties/attorneys included no later than April 8, 2026, your request for permission will be dismissed for want of prosecution on April 9, 2026.
>
> Thank you,
>
> **App. 063**
>
> **Angie D. Wierzbicki**
>
> **Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

```
EXTERNAL EMAIL ALERT! Think Before You Click!
```

That's not really how this process works. Has the judge looked at this?

Katie

-------- Original Message --------

On Friday, 03/20/26 at 10:13 Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

**App. 064**

Good morning,

Please include all parties/attorneys so that I can provide dates for this setting.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Thursday, March 19, 2026 8:20 PM
**To:** Kenneth E. Newell <KENewell@tarrantcountytx.gov>; Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

You don't often get email from katie@copelandlawtexas.com. Learn why this is important

**EXTERNAL EMAIL ALERT! Think Before You Click!**

Judge Newell and Ms. Wierzbicki,

My name is Kathryn M. Copeland (State Bar No. 24086056). I am appearing pro se in multiple Tarrant County matters and am writing to request permission under Tex. Civ. Prac. & Rem. Code § 11.102 and to formally request ADA accommodations necessary to access this process.

## I. REQUEST FOR PERMISSION

I have prepared and am submitting a Motion for Permission to Maintain Litigation, along with a proposed order and supporting materials.

These filings address:

- the nature of the claims,
- the procedural posture, and
- the basis for permission under § 11.102(b).

I respectfully request that the Local Administrative Judge grant permission to allow these matters to proceed.

## II. ADA ACCOMMODATION REQUEST

I was advised that I would need to appear in person to seek relief. Due to documented disability, I am unable to do so.

Accordingly, I formally request the following reasonable accommodations pursuant to Title II of the ADA:

- Permission to proceed via written submission (this email and attached filings);
- A written or email response;
- If a hearing is required, the ability to participate remotely (Zoom or telephone).

## III. CONTEXT

**App. 066**

I am acting in good faith to comply with Chapter 11 while preserving my rights.

The underlying vexatious litigant determinations raise substantial jurisdictional and procedural issues that are being addressed through appropriate legal channels. In the meantime, I am seeking permission to proceed so that my claims are not lost due to procedural barriers.

Because void orders cannot properly restrict access to the courts, I respectfully request that permission be granted to ensure meaningful access while these issues are resolved.

---

**IV. REQUEST**

I respectfully request:

- consideration of my Motion for Permission under § 11.102;
- confirmation that my ADA accommodation request has been received; and
- guidance on any additional procedural steps required.

---

Thank you for your time and consideration.

Respectfully submitted,

**KATHRYN M. COPELAND**

State Bar No. 24086056

katie@copelandlawtexas.com

(817) 789-8498

*Licensed Texas Attorney appearing pro se*

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, March 23, 2026 4:24 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** Re: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

**From:** Kelly Decker <kelly@kellydeckerlaw.com>
**Sent:** Monday, April 6, 2026 11:55 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>; Katie Copeland <katie@copelandlawtexas.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Tuesday, April 7, 2026 3:33 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Tuesday, April 7, 2026 11:35 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Dawn Livingston <dawnl@kellydeckerlaw.com>; Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**119.74 KB**      1 embedded image

image001.png  119.74 KB

**App. 068**

# RE: Threshold Jurisdictional Issue & ADA Interactive Process – Cause No. 236-363132-25

| | |
|---|---|
| From | Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> |
| To | katie@copelandlawtexas.com |
| CC | Dawn Livingston<dawnl@kellydeckerlaw.com>, Kelly Decker<kelly@kellydeckerlaw.com> |
| Date | Tuesday, April 14th, 2026 at 7:49 AM |

Good morning,

As previously stated, Judge Newell will not rule on a matter that is not properly presented to him during an in person setting.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

App. 069

**EXTERNAL EMAIL ALERT! Think Before You Click!**

Dear Ms. Wierzbicki,

Thank you for the clarification regarding the Local Rules for setting hearings.

To ensure the record is clear, I have filed two critical documents:

1. **Notice of Void Vexatious Litigant Orders** (filed 4/12/26); and
2. **Notice and Objection to In-Person Setting** (filed 4/14/26).

As a threshold matter, the **Notice of Void Orders** highlights that the January 21, 2025 order was entered after the trial court's plenary power had expired, making it void *ab initio* under *In re Florance*. Because the vacatur of a void order is a ministerial duty that can (and must) be performed by any court at any time, could you please clarify if the Judge intends to rule on this threshold jurisdictional issue **prior** to requiring a hearing on a Request for Permission to Proceed?

If the Court determines the order is void, the Chapter 11 permission process becomes moot.

**However, if the Court intends to proceed with a hearing regardless:**
Please be advised that I am awaiting the initiation of the **interactive process** required by Title II of the ADA. Because the Local Rules requiring in-person attendance constitute a "policy, practice, or procedure," my pending request seeks a **reasonable modification** of those rules to ensure meaningful access.

I look forward to the Court's guidance on:

1. Whether the "Voidness" of the order will be resolved as a threshold matter; and
2. The timeline for the ADA interactive process to determine an accessible format for any necessary proceedings.

Respectfully,

Kathryn "Katie" Copeland

(817) 789-8498

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

**App. 070**

Good afternoon,

I will set this matter on May 8 at 1:30 p.m.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

**App. 071**

EXTERNAL EMAIL ALERT! Think Before You Click!

Ms. Wierzbicki,

Please go ahead and set this matter for hearing on May 8th at 1:30 p.m.

Thank you.

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

If you would like to make a payment on your invoice please click here.

===============================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Sent:** Thursday, April 9, 2026 10:38 AM
**To:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; Katie Copeland <katie@copelandlawtexas.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

I am still holding this date until the close of business today.  Under the local court rules, we must wait 2 business days to set which expires as of 5 p.m. today.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

**App. 073**

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Thursday, April 9, 2026 9:21 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; Katie Copeland <katie@copelandlawtexas.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

**EXTERNAL EMAIL ALERT! Think Before You Click!**

---

Ms. Wierzbicki,

Since Ms. Copeland has been nonresponsive to the hearing request and per the local rules, please go ahead and set this matter for hearing on May 8th at 1:30 p.m.

Thank you.

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

If you would like to make a payment on your invoice please click here.

================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

App. 074

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>

**Sent:** Wednesday, April 8, 2026 9:56 AM

**To:** Katie Copeland <katie@copelandlawtexas.com>

**Cc:** Dawn Livingston <dawnl@kellydeckerlaw.com>; Kelly Decker <kelly@kellydeckerlaw.com>

**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

Judge Newell does not review pleadings in advance that are not properly before him; thus we hold hearings in person.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



# ***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE***

**App. 075**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Tuesday, April 7, 2026 11:35 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Dawn Livingston <dawnl@kellydeckerlaw.com>; Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

`EXTERNAL EMAIL ALERT! Think Before You Click!`

---

Dear Ms. Wierzbicki,

I want to clarify and expand on my prior ADA accommodation request to ensure it is accurately understood and considered.

Due to a documented brain injury affecting cognitive processing, working memory, and real-time communication, my limitation is not limited to physical presence. I am unable to effectively participate in fast-paced, real-time adversarial hearings—whether in person or via Zoom—without significant risk of being unable to respond, process, or protect my rights.

Accordingly, my requested accommodation is to proceed via written submission and written responses in lieu of live hearing.

Alternatively, if a hearing is required, a structured format that allows meaningful participation, including:

- advance submission of all arguments in writing,
- limited and clearly defined issues,
- allowance for written responses in place of real-time argument where necessary.

This request is necessary to ensure meaningful access to the proceeding, not merely physical or technical access.

To date, I have not received a determination on this request. The response indicating that the hearing will be in person does not address whether my accommodation request has been considered or denied.

I respectfully request:

- confirmation that my request is being evaluated under ADA procedures, and
- a written determination identifying what accommodation will be provided.

I am willing to provide supporting documentation if needed and to work cooperatively to identify an effective accommodation. **App. 076**

Thank you for your attention to this matter.

Respectfully,

Kathryn "Katie" Copeland

(817) 789-8498


Author, _Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts_, American Bar Association (2026)


On Tuesday, April 7th, 2026 at 3:35 PM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

> Yes, this will be in person in Judge Newell's courtroom.
>
> Thank you,
>
> **Angie D. Wierzbicki**
>
> **Court Coordinator**
>
> **233rd Judicial District Court**
>
> **(817) 884-2686**
>
> Tarrant County Family Law Center
>
> 200 E. Weatherford St., 5th Floor
>
> Ft. Worth, TX 76196
>
>
>
> ### ***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE***

**App. 077**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

EXTERNAL EMAIL ALERT! Think Before You Click!

Ms. Wierzbicki,

I wanted to confirm that this is going to be an in-person hearing, correct?

Thank you.

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

If you would like to make a payment on your invoice please click here.

=================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

**App. 078**

**From:** Angie D. Wierzbicki <<u>ADWierzbicki@tarrantcountytx.gov</u>>

**Sent:** Tuesday, April 7, 2026 3:24 PM

**To:** Dawn Livingston <<u>dawnl@kellydeckerlaw.com</u>>

**Cc:** Kelly Decker <<u>kelly@kellydeckerlaw.com</u>>; <u>katie@copelandlawtexas.com</u>

**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Thank you.

Ms. Copeland?

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\***

**App. 079**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Tuesday, April 7, 2026 3:04 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; katie@copelandlawtexas.com
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

> **EXTERNAL EMAIL ALERT! Think Before You Click!**

---

Good afternoon,

Ms. Decker is available May 8th in the morning or afternoon.

Thank you!

Dawn Livingston, *Paralegal*

**Kelly Decker Law, PLLC**

6490 Camp Bowie Blvd.

Fort Worth, Texas 76116

www.kellydeckerlaw.com

T:  (817) 348-9060

*Trusted Reputation. Driven for Excellence.*

If you would like to make a payment on your invoice please click here.

**App. 080**

================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply to this email and destroy all copies of the original message.

---

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Sent:** Tuesday, April 7, 2026 8:46:30 AM (UTC-06:00) Central Time (US & Canada)
**To:** Katie Copeland <katie@copelandlawtexas.com>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,


My apologies, yes, May 8 at 9:00 or 1:30.


Thank you,


**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**<span style="color:red">***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE***</span>**

**App. 081**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, April 6, 2026 5:18 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

EXTERNAL EMAIL ALERT! Think Before You Click!

I am not available that day. Did you mean May 8 instead of May 9 since the 9th is a Saturday?

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

On Monday, April 6th, 2026 at 11:55 AM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

> Thank you.

> Ms. Copeland, will this date work for you?

> Thank you,

**App. 082**

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**<span style="color:red">\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\*</span>**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

`EXTERNAL EMAIL ALERT! Think Before You Click!`

Dear Ms. Wierzbicki, I am representing myself and my law firm. I am available 4-22 at 9a or 1:30p.

**App. 083**

KWD

**From:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>

**Sent:** Monday, April 6, 2026 11:43 AM

**To:** Katie Copeland <katie@copelandlawtexas.com>; Kelly Decker <kelly@kellydeckerlaw.com>

**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

Good morning,

Currently I have the following available:

April 22 at 9:00 or 1:30

May 5 at 9:00 or 1:30

May 9 at 9:00 or 1:30

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



App. 084

***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE**

**<span style="color:red">DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\*</span>**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Thursday, April 2, 2026 2:36 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

| |
|---|
| `EXTERNAL EMAIL ALERT! Think Before You Click!` |

---

Kelly Decker at  is the Defendant and she is representing herself (to my understanding).

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

On Wednesday, April 1st, 2026 at 4:41 PM, Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

> Good afternoon,
>
> Per Judge Newell, please include all parties/attorneys so that I can provide dates for this setting no later than April 8, 2026.  Failure to respond with all parties/attorneys included no later than April 8, 2026, your request for permission will be dismissed for want of prosecution on April 9, 2026.

**App. 085**

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



**<span style="color:red">\*\*\*PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT.  FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE\*\*\*</span>**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND "REPLY ALL" WHEN REPLYING.**

EXTERNAL EMAIL ALERT! Think Before You Click!

**App. 086**

That's not really how this process works. Has the judge looked at this?

Katie

-------- Original Message --------

On Friday, 03/20/26 at 10:13 Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov> wrote:

Good morning,

Please include all parties/attorneys so that I can provide dates for this setting.

Thank you,

**Angie D. Wierzbicki**

**Court Coordinator**

**233rd Judicial District Court**

**(817) 884-2686**

Tarrant County Family Law Center

200 E. Weatherford St., 5th Floor

Ft. Worth, TX 76196



## ***PLEASE NOTE: YOU MUST PROVIDE LOCAL COURT RULE DOCUMENTS IF YOU ARE SET FOR A HEARING IN EITHER COURT. FAILURE TO PROVIDE LOCAL COURT RULE DOCUMENTS COULD RESULT IN THE RESET OF YOUR CASE***

**App. 087**

**PLEASE INCLUDE ALL ATTORNEYS OR PRO SE PARTIES ON ALL EMAIL COMMUNICATION REGARDING DATES/SETTINGS, AND**

## "REPLY ALL" WHEN REPLYING.

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Thursday, March 19, 2026 8:20 PM
**To:** Kenneth E. Newell <KENewell@tarrantcountytx.gov>; Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

You don't often get email from katie@copelandlawtexas.com. Learn why this is important

EXTERNAL EMAIL ALERT! Think Before You Click!

Judge Newell and Ms. Wierzbicki,

My name is Kathryn M. Copeland (State Bar No. 24086056). I am appearing pro se in multiple Tarrant County matters and am writing to request permission under Tex. Civ. Prac. & Rem. Code § 11.102 and to formally request ADA accommodations necessary to access this process.

## I. REQUEST FOR PERMISSION

I have prepared and am submitting a Motion for Permission to Maintain Litigation, along with a proposed order and supporting materials.

These filings address:

- the nature of the claims,
- the procedural posture, and
- the basis for permission under § 11.102(b).

I respectfully request that the Local Administrative Judge grant permission to allow these matters to proceed.

## II. ADA ACCOMMODATION REQUEST

I was advised that I would need to appear in person to seek relief. Due to documented disability, I am unable to do so.

Accordingly, I formally request the following reasonable accommodations pursuant to Title II of the ADA:

- Permission to proceed via written submission (this email and attached filings); **App. 088**
- A written or email response;
- If a hearing is required, the ability to participate remotely (Zoom or telephone).

### III. CONTEXT

I am acting in good faith to comply with Chapter 11 while preserving my rights.

The underlying vexatious litigant determinations raise substantial jurisdictional and procedural issues that are being addressed through appropriate legal channels. In the meantime, I am seeking permission to proceed so that my claims are not lost due to procedural barriers.

Because void orders cannot properly restrict access to the courts, I respectfully request that permission be granted to ensure meaningful access while these issues are resolved.

---

### IV. REQUEST

I respectfully request:

- consideration of my Motion for Permission under § 11.102;
- confirmation that my ADA accommodation request has been received; and
- guidance on any additional procedural steps required.

---

Thank you for your time and consideration.

Respectfully submitted,

**KATHRYN M. COPELAND**

State Bar No. 24086056

katie@copelandlawtexas.com

(817) 789-8498

*Licensed Texas Attorney appearing pro se*

---

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, March 23, 2026 4:24 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Subject:** Re: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

---

**From:** Kelly Decker <kelly@kellydeckerlaw.com>
**Sent:** Monday, April 6, 2026 11:55 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>; Katie Copeland <katie@copelandlawtexas.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Tuesday, April 7, 2026 3:33 PM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; katie@copelandlawtexas.com
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**From:** Dawn Livingston <dawnl@kellydeckerlaw.com>
**Sent:** Monday, April 13, 2026 9:06 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Kelly Decker <kelly@kellydeckerlaw.com>; Katie Copeland <katie@copelandlawtexas.com>
**Subject:** RE: RE: Request for Permission Under § 11.102 + ADA Accommodation Request (Copeland)

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Tuesday, April 14, 2026 1:52 AM
**To:** Angie D. Wierzbicki <ADWierzbicki@tarrantcountytx.gov>
**Cc:** Dawn Livingston <dawnl@kellydeckerlaw.com>; Kelly Decker <kelly@kellydeckerlaw.com>
**Subject:** Threshold Jurisdictional Issue & ADA Interactive Process – Cause No. 236-363132-25

**119.74 KB**      1 embedded image

image001.png 119.74 KB

**App. 090**

# Exhibit 4 -
# 2026.04.20 PIA Follow-Up Title II Clarification

App. 091

# Re: Tarrant County District Attorney's Office - Records Request CDA-2026-897 Completed

| | |
|---|---|
| From | katie@copelandlawtexas.com <katie@copelandlawtexas.com> |
| To | 84b0f237-3eb2-4f82-9420-78637ae74412.TarrantCountyTX@request.justfoia.com |
| CC | pknguyen@tarrantcountytx.gov, crsims@tarrantcountytx.gov |
| Date | Monday, April 20th, 2026 at 4:21 PM |

Thank you. However, I was not referring to the employment aspect of ADA, but rather the Title II aspect of ADA, which applies to counties and courthouses (under the US Supreme Court case of Tennessee v Lane and the 5th Circuit opinion from Luke v Texas). For example, I have attached the City of Fort Worth's compliance documents.

For convenience, I have pasted my original request again below:

## Request #CDA-2026-897

I request access to and copies of the following records:
1. ADA Title II Self- Evaluation (28 C.F.R. § 35.105) All records reflecting any self-evaluation conducted by Tarrant County and/or its courts in compliance with 28 C.F.R. § 35.105, including but not limited to: • The original self-evaluation required to be completed by January 26, 1993 • Any subsequent updates, revisions, or re-evaluations • All supporting materials associated with such evaluations
2. Required Components of the Self- Evaluation To the extent maintained, please include records showing: • Lists of individuals and organizations consulted (including disability advocacy groups) • Descriptions of areas examined and barriers identified • Descriptions of modifications made as a result of the evaluation
3. ADA Compliance Infrastructure Records sufficient to show: • The designation of any ADA Coordinator pursuant to 28 C.F.R. § 35.107 • Any ADA grievance procedures maintained by the County or its courts • Policies or procedures related to ADA Title II compliance in court operations
4. Record Retention and Availability • Any record retention policies applicable to ADA compliance documents, including self-evaluations • Any documentation explaining the absence, destruction, or unavailability of responsive records, if applicable _____

If there are no documents or individuals related to these request, please confirm.

Sincerely,
Kathryn "Katie" Copeland
(817) 789-8498

Author, _Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts_, American Bar Association (2026)

On Monday, April 20th, 2026 at 1:19 PM, JustFOIA Notification <TarrantCountyTX@request.justfoia.com> wrote:

> Dear Requestor,
>
> The request Request Number: CDA-2026-897 has been completed. Please click on the request link to download responsive documentation in the possession of the county. To the extent that you pose any questions, note that the PIA does not require a governmental body to answer questions and we respectfully decline to do so.
>
> **App. 092**
>
> Thank you,



Tarrant County District Attorney's Office
401 W. Belknap
Fort Worth, TX 76196
(817) 884-1233
openrecords@tarrantcountytx.gov

_____

*Powered by*

**3.88 MB**   1 file attached

fort_worth_ada_compliance_plan_with-appendix_final.pdf 3.88 MB

**App. 093**

*City of Fort Worth*

# Americans with Disabilities Act (ADA) Compliance Plan

## August 2024



**FORT WORTH**®

**Prepared by:**

# Kimley»Horn
Expect More. Experience Better.

Kimley-Horn
801 Cherry Street
Suite 1300, Unit 11
Fort Worth, Texas 76102

**App. 094**



# Table of Contents

Abbreviations ...................................................................................................................iii

1.0 Introduction ...............................................................................................................1
    1.1    Purpose ...........................................................................................................1
    1.2    Legislative Mandate.........................................................................................1
    1.3    Title II Requirements .......................................................................................1
    1.4    New Construction and Alterations ....................................................................2
    1.5    Exceptions and Exemptions ............................................................................4

2.0    Community Engagement ...........................................................................................6
    2.1    Mayor's Committee on Persons with Disabilities (MCPD)....................................6
    2.2    Web Survey .....................................................................................................7
    2.3    Web Map ........................................................................................................7
    2.4    Open House ....................................................................................................8

3.0    Efforts To-Date .......................................................................................................10
    3.1    Administrative Requirements ...........................................................................10
        3.1.1  Public Notice Under the ADA ...............................................................10
        3.1.2  ADA/504 Coordinator (Title II) .............................................................10
        3.1.3  Roles and Responsibilities of the ADA/504 Coordinator .......................11
        3.1.4  ADA/Title VI Coordinator Support Staff.................................................11
        3.1.5  ADA Liaison Committee .......................................................................12
        3.1.6  ADA Grievance Policy, Procedure, and Form with Appeal Process for the Americans with Disabilities Act...................................................................................................12
    3.2    Program, Services, and Activities Inventory ......................................................12
    3.3    Facilities Inventory ..........................................................................................13
        3.3.1  Buildings ............................................................................................13
        3.3.2  Parks..................................................................................................14
        3.3.3  Public Rights-of-Way ..........................................................................15
        3.3.4  Facility Inventory Summary ..................................................................16
    3.4    Ongoing Accessibility Efforts ...........................................................................16
        3.4.1  Property Management Department........................................................16
        3.4.2  Park & Recreation Department.............................................................17
        3.4.3  Transportation & Public Works Department ..........................................17

4.0    Action Plan.............................................................................................................19
    4.1    Self-Evaluation ...............................................................................................19
    4.2    Transition Plan ...............................................................................................19
        4.2.1  Unevaluated Facilities..........................................................................20
        4.2.2  Phased Self-Evaluation Approach ........................................................20
        4.2.3  Best Practices and Considerations.......................................................21

5.0    Funding Opportunities ...........................................................................................24
    5.1    Federal and State Funding ..............................................................................24
    5.2    Local Funding.................................................................................................24

6.0    Conclusion and Next Steps ....................................................................................25

**App. 095**

Kimley»Horn

**Appendix**................................................................................................**26**

     **Web Survey Response Summary**
     **Web Map Response Summary**

# List of Tables

*Table 1. General Fund-Maintained Building Inventory Summary*.....................................*13*

*Table 2. General Fund-Maintained Buildings with Public Access*...................................*14*

*Table 3. Unevaluated Facilities*.....................................................................*20*

# List of Figures

*Figure 1. Web Survey* ...................................................................................*6*

*Figure 2. Web Map Welcome Page*....................................................................*7*

*Figure 3. ADA Compliance Plan Booth*.............................................................*8*

*Figure 4. ADA Compliance Plan Flyer*..............................................................*9*

*Figure 5. Screenshot of 2021 TPW Asset Inventory for Sidewalk* ............................*15*

**App. 096**

# Abbreviations

ADA – Americans with Disabilities Act

ADAAG – Americans with Disabilities Act Accessibility Guidelines

CFR – Code of Federal Regulations

CIP – Capital Improvement Projects

DBE – Disadvantaged Business Enterprise Program

DOJ – United States Department of Justice

DOT – United States Department of Transportation

FHWA – Federal Highway Administration

MCPD – Mayor's Committee on Persons with Disabilities

MUTCD – Manual on Uniform Traffic Control Devices

PARD – Park & Recreation Department

PMD – Property Management Department

PROWAG – 2023 Public Rights-of-Way Accessibility Guidelines Final Rule

PSA – Programs, Services, and Activities

RAS – Registered Accessibility Specialist

TAC – Texas Administrative Code

TDLR – Texas Department of Licensing and Regulation

TxDOT – Texas Department of Transportation

TMUTCD – Texas Manual on Uniform Traffic Control Devices

TPW – Transportation & Public Works Department





# 1.0 Introduction

## 1.1 Purpose

The purpose of this Americans with Disabilities Act (ADA) Compliance Plan is to summarize the activities completed to date related to ADA compliance and to create a roadmap for the City of Fort Worth to complete a Self-Evaluation and develop an ADA Transition Plan.

In an effort to provide the most accurate information, this document includes language directly from official sources, including, but not limited to, U.S. Department of Justice (DOJ) Civil Rights Division (https://www.ada.gov), National ADA Network (https://adata.org), U.S. Access Board (https://www.access-board.gov), and the Texas Department of Licensing and Regulation (TDLR) (https://tdlr.texas.gov).

## 1.2 Legislative Mandate

The ADA is a comprehensive civil rights law prohibiting discrimination on the basis of a disability. The purpose of the law is to make sure that people with disabilities have the same right and opportunities as everyone else. The ADA protects the rights of individuals with disabilities in employment, access to state and local government services, places of public accommodation, transportation, and other important areas of life. The ADA also requires newly designed and constructed or altered state and local government facilities, public accommodations, and commercial facilities to be readily accessible to and usable by individuals with disabilities. The ADA consists of five titles:

- Title I: Employment
- Title II: State and Local Government
- Title III: Public Accommodations
- Title IV: Telecommunications
- Title V: Miscellaneous Provisions

The City of Fort Worth is obligated to observe all requirements of Title I in its employment practices; Title II in its programs, services, and activities; and any parts of Titles IV and V that apply to the City and its programs, services, and activities.

## 1.3 Title II Requirements

Title II has the broadest impact on the City and is published in the Code of Federal Regulations (CFR) at 28 CFR part 35. Per §35.130 (General provisions against discrimination), no qualified individual with a disability shall, on the basis of a disability, be excluded from participation in or be denied the benefits of the City's programs, services, or activities or be subjected to discrimination by the City.

Title II includes administrative requirements for all government entities employing more than 50 people. These administrative requirements are:

- **§35.105 Self-Evaluation**
  - Evaluate current services, policies, and practices.
  - Modify non-compliant services, policies, and practices.
  - Provide an opportunity for interested persons to participate in the self-evaluation process by submitting comments.
  - For at least 3 years following the self-evaluation, maintain on file and make available for public inspection: 1) list of intersected persons consulted; 2) description of areas examined and any problems identified; description of any modifications made.

**App. 098**



- **§35.106 Notice**
  - Provide notice to the public about the City's obligations under the ADA and its applicability to the City's programs, services, or activities.

- **§35.107 Designation of Responsible Employee and Adoption of Grievance Procedures**
  - Designate at least one employee to coordinate City efforts to comply with and carry out its responsibilities (commonly called the ADA Coordinator).
  - Provide the name, office address, and telephone number of the ADA Coordinator to the public.
  - Investigate any complaint communicated to the City alleging noncompliance or alleging any actions that would be prohibited by the ADA.
  - Adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging noncompliance or alleging any actions that would be prohibited by the ADA.

- **§35.150(d) Existing Facilities, Transition Plan**
  - Develop a transition plan setting forth the steps necessary to complete structural changes to achieve program accessibility.
    - Identify physical obstacles in City facilities that limit the accessibility of City programs or activities to individuals with disabilities.
    - Describe in detail the methods that will be used to make facilities accessible.
    - Specify the schedule for taking steps necessary to achieve compliance for each year of the transition period.
    - Indicate the official responsible for implementation of the plan.
    - Include a schedule for providing curb ramps or other sloped areas where pedestrian walks cross curbs.
  - Provide an opportunity for interested persons to participate in developing the transition plan by submitting comments. A copy of the transition plan shall be made available for public inspection.

## 1.4    New Construction and Alterations

If the start date for construction is on or after March 15, 2012, all newly constructed or altered state and local government facilities must comply with the 2010 ADA Standards. Before that date, the 1991 Standards (without the elevator exemption), the Uniform Federal Accessibility Guidelines, or the 2010 ADA Standards may be used for such projects when the start of construction commences on or after September 15, 2010.

The most recent standard is the 2010 ADA Standards, which sets the minimum requirements – both scoping and technical – for newly designed and constructed or altered state and local government facilities, public accommodations, and commercial facilities to be readily accessible to and usable by individuals with disabilities. It is effectuated from 28 Code of Federal Regulations (CFR) 35.151 and the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG). However, the FHWA and DOJ recommend using PROWAG for designing facilities within the public rights-of-way as a best practice until it is adopted at the federal level.

Additionally, the Texas Department of Transportation (TxDOT) has adopted PROWAG and incorporated the guidelines into design standards for pedestrian facilities. It is recommended that the City of Fort Worth adopt PROWAG to become an enforceable document for all City projects within the public rights-of-way, regardless of its adoption status at the state and federal level.

**App. 099**



Additional pages of Fort Worth
ADA Report removed for brevity,
but are available at

https://www.fortworthtexas.gov/
departments/hr/civil-rights-
office/title-VI-accessibility-
accommodations

# Exhibit 5 -
# System Failure Summary

# System Failure: ADA Accommodation Processing in Tarrant County Courts

## Core Breakdown

### 1. No Intake System

There is no standardized method for submitting or tracking ADA accommodation requests.

### 2. No Evaluation Process

Requests are not analyzed under ADA standards (reasonable modification, undue burden, fundamental alteration).

### 3. No Decision-Maker

Responsibility is fragmented between staff and judiciary, resulting in no accountable authority.

### 4. No Written Determinations

Litigants do not receive formal decisions explaining what accommodation will be provided.

### 5. Hearings Proceed Regardless

Proceedings are scheduled and conducted without resolving access issues.

## Observable Pattern

"The system processes hearings before it processes access."

## Legal Consequence

This structure:

- violates Title II of the ADA
- denies meaningful access to courts
- creates avoidable procedural harm
- exposes outcomes to challenge

## Practical Impact

- Disabled litigants cannot participate meaningfully
- Compliance becomes guesswork
- Disputes escalate unnecessarily
- Courts inherit preventable procedural issues

## Solution (Ready Now)

Implement:

- ADA coordinator designation
- written intake + tracking system
- standardized evaluation framework
- required written determinations

## Bottom Line

This is not a failure of individual actors. It is a structural absence of process.

**App. 102**

# Exhibit 6 -
# April 17, 2024 at 2:57 PM

# RE: Tarrant County Public Accommodation Request

# Good Afternoon Ms. Copeland Your ADA request would need to go directly through the court your case is assigned to.

**Subject:** Re: Tarrant County Public Accommodation Request

**Date:** Friday, May 10, 2024 at 5:07:02 PM Central Daylight Time

**From:** Katie Copeland

**To:** ADM - ADA Requests

**Attachments:** 4.30.24 Respondents Second Amended Motion for ADA Accommodations.pdf, 11.10.23 First Amended Motion for Accommodation Under ADA and Federal Law.pdf

Hello,

I filed a motion for ADA accommodations, but many of them were denied. The Judge said that Tarrant County didn't have CART. I can't even recall which ones were approved and which were denied. We may need to talk to the county ADA attorney about this because I think the Court violated ADA.

Please help me find a resolution as I fear it had a major impact on my case.

Thank you,

Katie Copeland
817-789-8498

**From:** ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
**Date:** Wednesday, April 17, 2024 at 2:57 PM
**To:** ███████@gmail.com ███████@gmail.com>
**Subject:** RE: Tarrant County Public Accommodation Request

Good Afternoon Ms. Copeland

Your ADA request would need to go directly through the court your case is assigned to.

-----Original Message-----
From: noreply@tarrantcountytx.gov <noreply@tarrantcountytx.gov>
Sent: Friday, April 12, 2024 7:26 PM
To: ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
Subject: Tarrant County Public Accommodation Request

You have received a new public accommodation request form.

Full Name:
Kathryn Copeland

Email Address:
███████@gmail.com

**App. 104**

Home Phone:
8177898498

Work Phone:

Street Address:
405 Crawford St. #2145

City, State, Zip:
Fort Worth

Accommodation Requested:
To Whom It May Concern,

I am requesting accommodations under the Americans with Disabilities Act for equitable access to services, programs, and activities offered by Tarrant County, Texas, specifically in relation to my ongoing legal proceedings. Due to my medical conditions, which include cognitive function, hypermobile Ehlers-Danlos Syndrome, and other comorbidities, I face substantial barriers in a standard legal process environment.

I kindly request the following accommodations:

Written submissions in lieu of oral arguments, to accommodate communication challenges.
Permission to stay seated while addressing the court.
Allowing more frequent 10-15 minute breaks during proceedings for health management.
A slower pace for speaking and raising objections.
Extended time allocations for presenting my case as I have not been getting equal time and it takes me longer to process and communicate. Ex: If the other side gets 60 minutes, I would need 90 minutes.
Additional time for responding to future court filings.
Access to audio recordings and written transcripts of hearings, with financial consideration for my limited means. I urgently need the transcripts of the hearings that have occurred since 11/13/24 as I am being denied fundamental rights without reasons or explanations. (See transcript of 4/4/24 hearing that I paid $664 to obtain where I asked many of these questions.) Appointment of legal counsel to assist with safeguarding my civil rights, referencing the 14th Amendment of the US Constitution, Texas Rule of Civil Procedure 680 and Texas Family Code 105. Ex: I was entitled to a hearing within 14 days of an ex parte TRO with extraordinary relief that separated me and my daughters, but I was not provided a hearing for 13 months. It is happening again, as I have not had my children since November 12, 2023, despite there being no evidence of risk of harm, inadequate pleadings, insufficient notice, and lack of equal access to participating in the legal process due to my disabilities.
Extended preparation time before trial currently set on May 6-7, 2024 for attorney retention.
A review of trial pleadings by an appointed judge for clarity on issues to be addressed at trial.
Permission to use a recording device for personal reference post-proceedings.
The presence of a support person at counsel table to assist with managing physical and cognitive needs, including frequent breaks for understanding.
Court documents provided in large print or audio format.

**App. 105**

Use of Communication Access Realtime Translation (CART) for real-time transcription.
Oversight by a judge familiar with ADA accommodations, ensuring adherence.
A transcript of the 2/12/24 hearing, which is estimated to cost $1,800.
Consideration for reasonable modifications to courtroom practices to aid my participation.
Avoidance of aggressive cross-examination approach to reduce stress, brain flooding, and PTSD.
Explanation of legal terms in plain language.
Waiver of costs for obtaining Reporter's and Clerk's Records, as per my Statement of Inability to Pay.
If my rights are not reinstated before the next scheduled visit on 4/20/24, I request revision of "supervised visitation" terms to a less stressful environment, potentially at my home.

Your attention to these matters is crucial for my effective participation and is greatly appreciated. For implementation of these accommodations, I can provide specific information on devices and services if necessary.

Sincerely,

Kathryn Copeland

**App. 106**

# Exhibit 7 -
# ADA Accommodation Request Site is not ADA Compliant



App. 108



App. 109



App. 110



App. 111



App. 112



App. 113



App. 114

# Exhibit 8 -
# Election ADA Failure

# Accessibility Concern – Curbside Voting Signage (Grapevine Public Library)

| | |
|---|---|
| From | katie@copelandlawtexas.com <katie@copelandlawtexas.com> |
| To | Electionsinfo@tarrantcountytx.gov |
| BCC | ahsu@mhlegalgroup.com |
| Date | Tuesday, March 3rd, 2026 at 3:11 PM |

To Whom It May Concern,

I am writing to report an accessibility concern at the Grapevine Public Library polling location today.

When I arrived to vote, there were no visible signs posted indicating a designated curbside voting space or providing a phone number or other method to request curbside assistance. All accessible parking spaces were occupied at the time.

Under Texas Election Code § 64.009, a voter who is physically unable to enter a polling place without assistance or with a likelihood of injury to the voter's health may request that an election officer deliver a ballot to the voter at the entrance or curb. Further, § 64.009(a-1) requires that each polling place reserve a space at least the size of one parking space for curbside voting and clearly mark it with signage indicating it is reserved for curbside voting and displaying, in large readable type, a phone number the voter may call or text to request assistance (or alternatively provide a button/intercom mechanism).

Because no such signage or clearly designated curbside space was visible, I called the Tarrant County voter assistance number. The automated system indicated I was sixth in line. After waiting on hold, I spoke with a representative who provided this email address for submitting an informal complaint.

I had to leave to attend a scheduled medical appointment in Dallas and was therefore unable to remain on hold further or cast my ballot at that time. I am concerned that the absence of required curbside signage may prevent or discourage voters with disabilities from exercising their right to vote, particularly those who cannot wait on extended phone holds.

Please confirm:

1. Whether the Grapevine Public Library polling location was required to have curbside voting signage in compliance with Texas Election Code § 64.009(a-1);
2. Whether such signage was in place at the time referenced above; and
3. What corrective action, if any, will be taken to ensure compliance for the remainder of the voting period.

I also request confirmation of the procedure available to me if I return before polls close and require curbside voting assistance.

Thank you for your prompt attention to this matter.

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

**App. 116**

**Exhibit 9 -**

**September 2025 County Response to Open Records Request to County Judge = $3,544.20 for 150 hours of labor (suggesting compliance system and required documents do not exist)**

| Subject: | Tarrant County District Attorney's Office - Public Information Act Requests CDA-2025-1665, CDA-2025-1666, CDA-2025-1667, CDA-2025-1669, CDA-2025-1670 - Notice of Costs |
| --- | --- |
| Date: | Wednesday, September 10, 2025 at 3:54:26 PM Central Daylight Time |
| From: | Paul Nguyen (Tarrant County, TX) |
| To: | ████████@gmail.com |
| CC: | pknguyen@tarrantcountytx.gov, bdrives@tarrantcountytx.gov |
| Attachments: | ATT00001.png, CDA-2025-1665 1666 1667 1669 1670 - COPELAND - Written Itemized Statement of Anticipated Costs.pdf |



Dear Requestor Kathryn Copeland,

On Monday August 20, 2025, the undersigned received your submitted requests under the Public Information Act (PIA) seeking information maintained by the Tarrant County District Attorney's Office. On Tuesday, August 25, 2025, the undersigned received your 1st written response to our 1st request for clarification and narrowing on each of your requests. On Monday, September 1, 2025, all Tarrant County offices were closed in observance of Labor Day.

Please be advised that there are costs involved in fulfilling your PIA request. The PIA authorizes the District Attorney's Office to charge $.10 per page, $28.50 per hour of programming, $15.00 per hour for labor / personnel costs associated with fulfilling a request, 20% of personnel costs for overhead, $10.00 per recording of body worn camera, and $1.00 per full minute of body worn camera or audio footage. Other costs may apply depending on what is being requested. These cost rules are set out in Title 1, Texas Administrative Code, Chapter 70.

If you are still interested in obtaining the information in possession of the District Attorney's Office, please see the attached itemized *Written Itemized Statement of Anticipated Costs*.

The attached is an estimate only. If the estimated cost is more than the actual cost incurred by the District Attorney's Office, you will be refunded accordingly. There may be less costly methods of viewing the records. Please feel free to contact the office anytime if you wish to discuss alternative methods; or, if you would like to discuss how the Criminal District Attorney's Office may lower its cost estimate; or if you believe that the District Attorney's Office has made an error or misunderstood your request, please give us a call.

If the District Attorney's Office later determines, before it makes the copy or the paper record available, that the estimated charges will exceed the charges detailed in their attached itemized cost estimate by twenty (20) percent or more, the District Attorney's Office will send you an updated statement that details all estimated charges that will be imposed, including any allowable charges for labor or personnel costs as required by Section 552.2615(b) Texas Government Code. Further, if no responsive records are located your payment will be refunded.

Please respond to this itemized cost estimate from the District Attorney's Office within ten (10) business days and include the following information:

(1) your choice of your mailing, facsimile transmission or electronic mail address; and

(2) that you either accept the estimated charges; or you are modifying your request; or, you have sent a complaint to the Texas Attorney General alleging that you are being overcharged. *See* Section 552.2615(a)(3) and (b) Texas Government Code.

If you do not respond in writing within ten (10) business days from the date of this itemized cost estimate as outlined, your request will be considered automatically withdrawn, Section 552.2615(b) Texas Gov Code.

For your convenience, complaints regarding overcharges may be made to the following:
Office of the Attorney General
Cost Hotline at (512) 475-2497
Toll-Free at 1-888-672-6787

If you agree to the charges set forth herein, please forward your firm check, cashier's check or money order payable and **App. 118**



# WRITTEN ITEMIZED STATEMENT OF ANTICIPATED COSTS

**Governmental Body / Department:** Tarrant County District Attorney's Office

**Request Number:**  CDA-2025-1665, CDA-2025-1666, CDA-2025-1667, CDA-2025-1669, CDA-2025-1670

**Requestor:**  Kathryn Copeland

**Original Date Requests Received:** Monday August 10, 2025 (After business hours on Saturday August 9, 2025)

**Date of Most Recent Clarification Response Received:** Tuesday August 26, 2025 (After business hours on Monday August 25, 2025)

*On Monday, September 1, 2025, all Tarrant County offices were closed in observance of Labor Day. Pursuant to Texas Government Code section 662.003(c), Labor Day, the first Monday in September, is statutorily defined in Texas Government Code section 662.003(a) as a national holiday for purposes of Texas Government Code section 552.0031(f).*

## Subject of Request*:*

### CDA-2025-1665

Pursuant to the Texas Public Information Act, please provide copies of all ADA Title II accommodation requests submitted to Tarrant County and individual courts (including court coordinators) for court users, jurors, witnesses, or litigants from January 1, 2020, to present, along with:

• All responses, denials, or grants of such requests

• Any associated correspondence or internal notes

• Final disposition or outcome of the request

This request includes, but is not limited to, electronic and paper records, emails, memoranda, and any logs or tracking systems used to record ADA requests.

1st Clarification:

 I would like to clarify my request CDA-2025-1665 as follows:

1.	Date Range: Please use January 1, 2022 to present.

2.	ADA Scope: Please limit to ADA Title II (court user/public access) and exclude ADA Title I (employee accommodations).

3.	Correspondence: By "correspondence," I mean emails, memoranda, or letters. Please limit the search to communications involving:

   o	The Tarrant County ADA Coordinator(s) listed on the County's website,

   o	The District Clerk's ADA Coordinator,

   o	Any County ADA staff in the Records Management Division.

Please use the following search terms (up to 20): "ADA accommodations," "Title II," "disability access," "court access," "reasonable accommodation," "denied," "denial," "approved," "approval," "modified," "modification," "interactive process," "ADA coordinator," "equal access."

**App. 120**

4.      Judiciary Records: I understand the Public Information Act does not apply to judicial records under Rule 12. My intent is to obtain any ADA Title II accommodation requests and related records maintained by Tarrant County itself, even if the underlying request concerned access to court proceedings.

**CDA-2025-1666**

Please provide any reports, audits, meeting minutes, or communications from January 1, 2020, to present between Tarrant County court administration and the Texas Office of Court Administration (OCA) regarding:

• ADA Title II compliance

• Handling of ADA accommodation requests for court services through the county and through the courts individually

• Development or implementation of the ADA Benchbook or other accessibility initiatives

1st Clarification

I would like to clarify my request CDA-2025-1666 as follows:

1.      Date Range: Please use January 1, 202 to present.

2.      ADA Scope: Please limit to ADA Title II (court access/public participation), excluding ADA Title I (employment).

3.      Entity: My intent is to request records maintained by the Tarrant County Administrator's Office (Administrator Chandler Merritt and staff) concerning communications with the Texas Office of Court Administration (OCA) regarding ADA Title II compliance, accommodation requests, or accessibility initiatives.

4.      Communications: By "communications," I mean emails, memoranda, or letters. Please limit to communications between:

        o       Group 1: Chandler Merritt (County Administrator) and staff in his office

        o       Group 2: OCA ADA or accessibility staff

5.      Key Terms: Please use the following key terms: "ADA accommodations," "Title II," "disability access," "court access," "reasonable accommodation," "denied," "denial," "approved," "approval," "modified," "modification," "interactive process," "ADA coordinator," "equal access," "ADA Benchbook."

**CDA-2025-1667**

Pursuant to the Texas Public Information Act, I request the following records from the Office of the County Judge for the period January 1, 2019 to present:

1. All ADA Title II accommodation requests received by the County Judge's office relating to court access, proceedings, or participation (including communications with the Office of Court Administration regarding such requests).

2. All records reflecting the decision or outcome of those requests, including approvals, denials, and modifications.

3. Any ADA policies, procedures, or internal guidance used by the County Judge's office to process such requests.

4. All correspondence between the County Judge's office and any judge, clerk, or county department concerning ADA accommodations or disability access to the courts.

1st Clarification:

I would like to clarify my request as follows:

1.      Date Range: Please use January 1, 2022 to present as the timeframe.

**App. 121**

2.      ADA Scope: Please limit the request to ADA Title II records concerning access to courts and participation in proceedings.

3.      Correspondence: By "correspondence," I mean emails, memoranda, or letters. On the other end of communications with Judge O'Hare or his office staff, please limit to:

   o      The Tarrant County District Clerk's ADA coordinator;

   o      The Tarrant County Courts ADA coordinator (if distinct);

   o      The Office of Court Administration (ADA contacts); and

   o      Any other ADA coordinators in county departments involved with processing court-related accommodation requests.

   o      I wonder if there is any training on the matter of ADA accommodations in the legal atmosphere being done and by whom. Of course, communications discussing a lack of such training or oversight are also incredibly important. I predict there is a lack of information, structure, and oversight of ADA requests.

4.      Key Terms: Please use the following key terms for the search:

   o      "ADA accommodations"
   o      "Title II"
   o      "disability access"
   o      "court access"
   o      "reasonable accommodation"
   o      "denied" OR "denial"
   o      "approved" OR "approval"
   o      "modified" OR "modification"
   o      "interactive process"
   o      "ADA coordinator"
   o      "equal access"
o      I am also particularly interested in disorders involving communication and cognition.

## CDA-2025-1669

Pursuant to the Texas Public Information Act, please provide the following records from the County Clerk's office for the period January 1, 2019 to present:

1. All ADA Title II accommodation requests received regarding access to county-level courts, probate courts, or related records divisions.

2. Documentation of how each request was processed and resolved.

3. Any ADA-related policies, procedures, or staff training materials maintained by the County Clerk's office.

4. All correspondence with judges, court administrators, or other agencies regarding ADA accommodation requests. Please send responses in electronic format where possible.

1st Clarification:

I would like to clarify my request CDA-2025-1669 as follows:

1.      Date Range: Please use January 1, 2022 to present.

2.      ADA Scope: Please limit to ADA Title II (court user/public access), excluding ADA Title I (employment).

3.      Correspondence: By "correspondence," I mean emails, memoranda, or letters. Please limit to communications between:

o        Group 1: The County Clerk and County Clerk's ADA coordinator/staff.

o        Group 2: Judges, court coordinators, court administrators, OCA ADA staff, and the Tarrant County ADA Coordinator.

4.        Key Terms: Please use the following search terms: "ADA accommodations," "Title II," "disability access," "court access," "reasonable accommodation," "denied," "denial," "approved," "approval," "modified," "modification," "interactive process," "ADA coordinator," "equal access," "ADA policy," "ADA training."

5.        Divisions: Please include responsive records from both the Civil Division and the Criminal Division of the County Clerk's Office.

## CDA-2025-1670

Pursuant to the Texas Public Information Act, I request copies of the following records from any and all departments, offices, and divisions of Tarrant County government, including but not limited to the County Judge's Office, Judge's Staff, District Clerk, County Clerk, Jury Services, Court Administration, and any ADA Coordinator(s):

1. All written policies, procedures, training materials, or guidance documents related to ADA accommodations in any Tarrant County court, jury service, or county office from January 1, 2019 to present.

2. Any records of formal or informal ADA accommodation requests (excluding personally identifying information of the requestor) received by any Tarrant County court, jury services, or county office from January 1, 2019 to present, including the date of request, the department or office involved, the nature of the accommodation requested, and the outcome or disposition of the request.

3. Any internal communications, memoranda, or directives from 2019 to present regarding ADA compliance, tracking, or reporting in Tarrant County courts or county offices.

4. Any statistical reports or summaries from 2019 to present showing the number, type, and outcome of ADA accommodation requests across Tarrant County courts or county offices.

1st Clarification:

I would like to clarify my request CDA-2025-1670 as follows:

1.        Departments/Scope: Please narrow the request to the following offices and divisions:

o        County Judge Tim O'Hare's Office

o        County Administrator's Office (Chandler Merritt and staff)

o        Jury Services

o        Tarrant County ADA Coordinator(s)

o        Court Support / Specialty Programs / Business Office (the units created when Criminal Court Administration was reorganized)

2.        Date Range: Please use January 1, 2022 to present.

3.        ADA Scope: Please limit to ADA Title II (public/court-user access), excluding ADA Title I (employment).

4.        Internal Communications: By "internal communications," I mean emails, memoranda, or directives within or between staff of the identified departments.

5.        Individuals/Groups: Please limit communications to:

**App. 123**

o        Group 1: County Judge Tim O'Hare and his staff, County Administrator Chandler Merritt and staff, Jury Services leadership, and County ADA Coordinator(s).

o        Group 2: Judges, court coordinators, court administrators, OCA ADA staff, and relevant county department heads.

6.        Key Terms: Please use the following search terms: "ADA accommodations," "Title II," "disability access," "court access," "reasonable accommodation," "denied," "denial," "approved," "approval," "modified," "modification," "interactive process," "ADA coordinator," "equal access," "ADA policy," "ADA training," "tracking," and "reporting."

## *Cost Estimate (Prior to the work being completed):*

**Estimated Programming Charge:**        51 hours @ $28.50 per Programming Hour = $1,453.50
[Tex. Admin. Code Sec. 70.3(d)]

**Estimated Labor Charge:**        100 hours @ $15.00 per Labor Hour = $1,500
[Tex. Admin. Code Sec. 70.3(d)]

**Estimated Overhead Charge:**        Total Labor Charge x $.20 = $590.70
[Tex. Admin. Code Sec. 70.3(e)(3)]

**Total Estimated Cost to Requestor:**        $3,544.20

**Required Deposit of Anticipated Costs:**        100% ($3,544.20)
[Tex. Gov. Code Sec. 552.263(a)]

*The Tarrant County District Attorney's Office, has more than 15 full-time employees at this time, has provided a charge estimated to exceed $100, and has provided this written itemized statement pursuant to Tex. Gov. Code section 552.263(a).*

*Please refer to our corresponding letter in conjunction with this written statement of estimated anticipated costs for more information regarding responsibilities imposed on you as the requestor pursuant to Tex. Gov. Code section 552.2615.*

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

\_\_\_\_\_ Agrees to waive charges

\_\_X\_\_ Does not agree to waive charges

Date: \_\_\_9-10-25_____

By:        \_\_\_*/s/ Paul Nguyen*_____
        Paul Nguyen
        Authorized Representative of the Tarrant County Criminal District Attorney's Office

# Exhibit 10 -

# July 2024
# Attempt for Equal
# Access to Justice

**Subject:** RE: Tarrant County Public Accommodation Request

**Date:** Wednesday, July 24, 2024 at 2:18:33 PM Central Daylight Time

**From:** ADM - ADA Requests

**To:** Katie Copeland

Good afternoon, Ms. Copeland,

In response to your recent ADA Accommodation Request, Tarrant County's position remains the same. As previously stated, the County does not have control over a particular Judge's decision when a litigant seeks ADA accommodations that would modify court proceedings.

Because you indicated that you have filed suit against the County, please direct future correspondence regarding this issue to the Civil Division of the Tarrant County Criminal District Attorney's Office at (817) 884-1233.

---

**From:** Katie Copeland <████████@gmail.com>

**Sent:** Monday, July 22, 2024 4:43 PM

**To:** ADM - ADA Requests <ADARequests@tarrantcountytx.gov>

**Subject:** Re: Tarrant County Public Accommodation Request

**EXTERNAL EMAIL ALERT! Think Before You Click!**

Hello,

I have not received a response to this or other communications I have sent. As a resident of Tarrant County, it is essential that I be able to have equal access to justice as any other person. On July 12, 2024, I filed the attached *First Amended Complaint for Violation of Civil Rights and Renewed Motion for Injunctive Relief and Declaratory Judgment Due to Denial of ADA Accommodations and Civil Rights Violations* and included Tarrant County as a defendant. I would prefer to resolve matters outside of the courtroom, so I am hopeful to receive a response from someone soon.

I also just left a voicemail at (817) 212-6935 for Kevin.

Thank you,

Katie Copeland
817-789-8498

If the file is too large for this email, it can be found at this dropbox link:
https://www.dropbox.com/scl/fi/l49dj1y14pl8erhemb0ei/7.12.24-First-Amended-Complaint.pdf?rlkey=n5g7exuny3publ8la57tykznm&dl=0

**App. 126**

**From:** Katie Copeland <███████████@gmail.com>
**Date:** Tuesday, June 18, 2024 at 9:51 AM
**To:** ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
**Subject:** Re: Tarrant County Public Accommodation Request

Dear Tarrant County ADA Coordinator,

Thank you for your prompt response regarding my ADA accommodation requests. However, I would like to address a few critical points and seek further clarification and assistance.

The relevant case law indicates that the judge, acting as an agent of Tarrant County, has responsibilities under the ADA when adjudicating accommodation requests. I recently consulted with the Office of the Governor's Committee on People with Disabilities, and they concurred that there seems to be a systemic issue with the denial of reasonable accommodations in courtrooms. I have filed complaints with both the Department of Justice and the State Commission on Judicial Conduct. Additionally, I have enlisted the support of my local representatives, including State Senator Kelly Hancock.

Despite these efforts, it appears that my only remedy might be to pursue legal action against the county. While this is not a step I take lightly, especially given my deep ties to Tarrant County, the protection of my civil rights and those of my children must take precedence.

To reiterate, my accommodation requests were denied by the presiding judge without proper consideration of my documented medical needs. This decision has significantly impeded my ability to effectively participate in the legal proceedings due to my multiple severe disabilities. The accommodations I requested, including Communication Access Realtime Translation (CART) and the use of a recording device, are essential for my cognitive impairments and were unjustly denied.

The involvement of a judge, who lacks medical expertise, in deciding the extent and impact of my disabilities is both inappropriate and discriminatory. This has resulted in a violation of ADA guidelines, which mandate reasonable modifications to policies, practices, and procedures to prevent discrimination.

Therefore, I request a thorough and impartial review of my accommodation needs by a qualified ADA officer, independent of the presiding judge, to ensure compliance with ADA standards and rectify the barriers I have faced.

I appreciate your attention to this matter and look forward to your assistance in ensuring that my rights are upheld.

Sincerely,                                                                           **App. 127**

Kathryn Copeland
405 Crawford St., #2145
Fort Worth, TX 76104
█████████@gmail.com
817-789-8498

On Jun 18, 2024, at 8:09 AM, ADM - ADA Requests
<ADARequests@tarrantcountytx.gov> wrote:

Good morning, Ms. Copeland,

Tarrant County provides assistance for those with disabilities that prevent them from physically accessing and navigating the County's physical facilities and programs. The County does not have control over a particular Judge's decision when a litigant seeks ADA accommodations that would modify court proceedings. Such a decision relates to a judge's adjudicative responsibilities and is within a judge's sole discretion pursuant to judicial rules outlined within Chapter 24 of the Texas Gov't Code, as well as the Texas Code of Judicial Conduct and Texas Rules of Judicial Administration. You may find additional resources regarding your below inquiries by visiting the Texas Judicial Branch's website at www.txcourts.gov.

-----Original Message-----
From: noreply@tarrantcountytx.gov <noreply@tarrantcountytx.gov>
Sent: Friday, June 7, 2024 11:19 AM
To: ADM - ADA Requests <ADARequests@tarrantcountytx.gov>
Subject: Tarrant County Public Accommodation Request

You have received a new Review of Accommodatio Request form.

Reference Number:
Request went through ADARequests@tarrantcountytx.gov

Full Name:
Kathryn Copeland

Email Address:
█████████@gmail.com

Home Phone:
8177898498

**App. 128**

Work Phone:


Street Address:
405 Crawford St. #2145

City, State, Zip:
Fort Worth

Reason Requested:
I disagree with the response to my ADA accommodation request because the handling and denial of my request by the presiding judge were not in accordance with the ADA guidelines and demonstrated a significant lack of understanding and sensitivity towards my disabilities. My initial request was submitted through the Tarrant County website, which did not specify an ADA officer. Instead, my request was directed to and decided by the judge overseeing my case.

The judge, acting as an agent of Tarrant County, denied several of my reasonable accommodation requests, which severely impacted my ability to effectively participate in the legal proceedings. The accommodations requested were essential due to my multiple severe disabilities, including hypermobile Ehlers-Danlos syndrome (hEDS), a vestibular schwannoma (brain tumor), mast cell activation syndrome (MCAS), median arcuate ligament syndrome (MALS), postural orthostatic tachycardia syndrome (POTS), and cognitive impairments due to long COVID.

Specific Issues with the Response:

Lack of Proper Accommodation: Despite my detailed explanation of my needs, several critical accommodations were denied or inadequately provided. For instance, my request for Communication Access Realtime Translation (CART) for real-time transcription and the use of a recording device for personal reference were denied, significantly impairing my ability to follow and participate in court proceedings.

Inappropriate Handling by the Judge: It is inappropriate for a judge, who is not a medical professional, to opine on the extent and impact of my disabilities. This overreach not only shows a lack of expertise but also introduces bias and discrimination into the accommodation decision process. The judge's decision did not adequately consider my documented medical needs, which are supported by extensive medical records and expert testimony.           **App. 129**

Violation of ADA Guidelines: The denial of my accommodations appears to be in direct violation of the ADA, which requires public entities to make reasonable modifications to their policies, practices, and procedures to avoid discrimination. The judge's actions did not meet these requirements, resulting in a significant barrier to my access to justice.

Retaliation and Bias: There is evidence suggesting that the judge's decision was influenced by bias and possibly retaliatory motives, as I had previously sought to disqualify this judge for misconduct. This history further underscores the need for a fair and impartial review by an appropriate ADA officer rather than the presiding judge.

Sources and Devices:

Communication Access Realtime Translation (CART): A real-time transcription service that would have allowed me to read spoken words instantly during the proceedings, which is crucial for my cognitive impairments.
Recording Device: To accurately capture the proceedings for my personal review, considering my cognitive limitations.
Support Person: A reasonable request to have a support person present to assist with my cognitive and physical needs during the proceedings.
Given these issues, I request a thorough and impartial review of my accommodation needs by a qualified ADA officer, independent of the presiding judge, to ensure compliance with ADA standards and to rectify the discrimination and barriers I have faced.

Thank you for your attention to this critical matter.

Sincerely,
Katie Copeland

**App. 130**

# APPENDIX E

Texas Office of Court Administration
Courtroom Accessibility Guide
(relevant pages)



# COURTROOM ACCESSIBILITY GUIDE

Prepared and distributed as a public service by the State Bar of Texas
Disability Rights and Issues Committee

© 2023

State Bar of Texas
Disability Rights and Issues Committee

This guide is intended to provide general information only and is not a substitute for legal advice. If you have a specific legal question, you are strongly advised to consult an attorney. The laws discussed in this guide may be subject to change.

# COURTROOM ACCESSIBILITY GUIDE

## TABLE OF CONTENTS

- Introduction

- Court Requirements and Accommodations . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

- Types of Accessibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

- Building . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

- Parking . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

- Communication . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

- Index and Additional Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

**App. 134**

## INTRODUCTION

The State Bar of Texas Disability Rights and Issues Committee developed this guide for citizens and Texas courts to have basic information about the accessibility requirements for Texas Courtrooms. This guide is meant to answer questions about how the Americans with Disabilities Act applies to Texas courts.

# COURT REQUIREMENTS AND ACCOMMODATIONS

**What are the obligations of courts regarding access (vs. personal services)?**
- Understand the obligations to accommodate people in the courtroom as dictated by federal and state law.
- Comply with federal law (ADA) and state law.
- Ensure people using the courts are able to partake in the proceedings to the fullest extend necessary to assist in the administration of justice.
- Understand that accessibility applies to both the buildings/facilities and the proceedings (both criminal and civil cases.)

**What ISN'T an obligation for courts?**
- Transportation to and from the court building
- Providing attorney services or legal research and advice
- Providing personal equipment or services such as hearing aids and attendant care

**Accessibility Requirements – Americans with Disabilities Act (ADA)**

The Texas Court System is dedicated to ensuring that all qualified individuals with disabilities have equal and full access to the judicial system. We are committed to providing services, programs, and activities in a way that assures accessibility.

As defined by the ADA, a person with a disability is one who has a physical or mental impairment that substantially limits a major life activity, such as - but not limited to - walking, seeing, speaking, hearing, eating, learning, breathing, caring for oneself, or working. (Major life activities also included major bodily functions such as neurological, brain respiratory, circulatory, etc.)

The ADA also protects people who have a record of having such an impairment or who are regarded as having such an impairment, whether or not they actually have one, if being perceived as having one results in discrimination. Also, it is important to know that the impairment limiting one major life function does not need to limit other life activities under the ADA.

**Right to an Accommodation**

If you are an individual with a disability who needs an accommodation to participate in a court proceeding or other court service, program or activity, you are entitled, at no cost to you, to the provision of certain assistance.

Any individual with an interest in participating in or attending any proceeding before any court of this state may make a request for accommodations. This may include jurors, parties, attorneys, witnesses, and spectators.

**App. 136**

Every effort shall be made to meet the specific needs of the individual. The court is not required to make modifications that would fundamentally alter the service or program or cause an undue financial or administrative burden.

**Sign Language Interpreter Requirement**

All Texas civil and criminal courts are required to appoint a certified or licensed interpreter for civil or criminal court proceedings. The court is also required to appoint an interpreter for witnesses, jurors, and counsel. The court is responsible for scheduling, arranging, and paying for the interpreter. The individual who is deaf or hard of hearing is not responsible for making these arrangements and may not be charged for the cost of a qualified interpreter. The interpreter's fee and expenses are paid from the general fund of the county in which the case was brought.

## TYPES OF ACCESSIBILITY

**Types of Accommodations the Court Can Make**

Accommodations the court can provide may include making reasonable modifications in practices and procedures, or furnishing auxiliary aids, services, equipment, devices, or materials such as assistive listening devices, qualified American Sign Language (ASL) or other types of interpreters, real-time computer-aided transcription services (CART), qualified readers, in large print, Braille, electronic, or audio format.

**Aids and Services that Cannot be Provided as ADA Accommodations**

Some examples of aids and services the court system cannot provide as an ADA accommodation include such things as legal counsel or legal advice, transportation to or from the courthouse, an official transcript of a court proceeding, personal devices (such as wheelchairs, hearing aids, or prescription glasses), medication, or personal services (such as medical or attendant care).

The Court administrators cannot grant, as an ADA accommodation, requests that impact a judge's handling of pending court proceedings, such as requests for extension of time, a change of venue, or participation in court proceedings by telephone or video conferencing. Those types of accommodation requests must be decided by the judge or judicial officer presiding over the specific case.

**What disabilities can impede access? (visual, auditory, mobility, language)**

As defined by the ADA, a person with a disability is one who has a physical or mental impairment that substantially limits a major life activity such as - but not limited to - walking, seeing, hearing, learning, breathing, caring for oneself, or working.

**App. 137**

Examples of disabilities include mobility and motor impairments, psychological and mental illness, vision impairments, deafness and hearing loss, and environmental sensitivities. Temporary disabilities may also qualify.

General information on ADA compliance with legalities concerning individuals with communication disabilities.

**What kinds of accommodations does the court provide?**

The kind of accommodation depends on the needs of the person with the disability.

The court may...

**Make changes to procedures**
- Reassign a hearing to an accessible site, and/or
- Adjust schedules (as long as legal deadlines are not missed).

**Provide assistive devices**
- Assistive listening devices; and/or
- Computer-assisted real-time transcription (CART).

**Assign assistive services**
- Reader for someone with vision loss; or
- Sign language interpreter for someone with hearing loss.

**Make an accommodation**
- Schedule breaks for people who need to use the restroom, pump insulin, or breastfeed.

**Applies to:**
- Juror
- Litigant
- Attorney
- Judge

**But not to:**
- Spectators

**Physical plant: building, parking**

In providing reasonable accommodation, the courts are to give primary consideration to the accommodation requested by the person with the disability. However, it is the local administrative authority who decides what accommodation will be made. An alternative accommodation may be offered if equally effective.

3

**Required accommodations do not include:**
- attorney services or legal research and advice
- personal equipment or services such as hearing aids and attendant care

**Addressing types of accessibility (varies by role: juror, spectator, litigant, attorney, judge):**

**Accommodations may include:**
- making reasonable modifications to policies, practices, and procedures (such as alternative time schedules, telephone conferences)
- alteration of existing facilities or constructing new facilities (wheelchair accessibility)
- relocation of a service or program to an accessible site
- providing auxiliary aids and services (assistive listening devices, real-time captioning, qualified interpreters, readers, large print and Braille)

**Documents (electronic access)**

An individual with ADA disabilities must be provided documents in a manner that allows communication and understanding, and the accommodations noted above apply equally regardless of role in the court (spectators may have a different requirement).

The accommodation must be for a court service, program, or activity, including going to court to:
- Testify
- Appear in a case
- Serve on jury duty.

**What are key considerations when conducting meetings?**
- Where the meeting is held
- How the meeting room furniture is arranged
- How the meeting information is communicated

## BUILDING

Requires submission and approval of building plans and site inspections of:

**Government-funded buildings** constructed or renovated after January 1, 1970;
- **State-leased buildings** after January 1, 1972;
- Privately-funded **public accommodations** built or renovated after January 1, 1992 (includes buildings such as hotels/motels, restaurants, theaters,

auditoriums, shopping centers, sales/rental establishments, transportation terminals, museums, parks, schools, day-care centers, and gyms); Privately-funded **commercial buildings** built or renovated after September 1, 1993.

- Texas Law does not apply to buildings owned, leased, or operated by the **federal government**. Such buildings are subject to the federal Architectural Barriers Act of 1968, which requires federal buildings to be accessible.

- Requires architects, interior designers, landscape architects, or engineers to **submit plans** for new construction or substantial renovation totaling $50,000 or more to the Texas Department of Licensing and Regulation (TDLR) not later than the fifth day after the professional issues the plans.

- Requires **building owners** who are not using such professionals for construction or substantial alteration to submit plans within 30 days of the date when the construction or modification begins.

- Provides that a local governmental entity cannot issue a building **construction permit** without proof that the building owner has filed a plan with TDLR.

- Provides customers with specific medical conditions may use employee-only restrooms in a retail establishment lacking public restrooms under certain conditions.

## PARKING

The Texas Accessibility Standards require that:

- A minimum number of accessible parking spaces must be provided, consistent with the chart below. At least one out of every eight accessible spaces, but no less than one, must be made van-accessible.

- Accessible parking spaces must be located on the shortest accessible route of travel to an accessible entrance. If there are multiple accessible entrances, the accessible parking spaces shall be dispersed and located closest to the accessible entrances.

- Parallel parking is discouraged unless it can be situated so that persons entering and exiting vehicles will be out of the flow of traffic.

- Accessible parking spaces must be at least 96 inches (2440 millimeters) wide.

- Each accessible parking space must have either an access aisle at least 60 inches (1525 millimeters) wide or a van-accessible aisle at least 96 inches (2440 millimeters) wide.

- Parking spaces and access aisles must be level, with a maximum allowable slope of 2% in all directions.

- Each accessible parking space shall be designated as a reserved space with a sign showing the symbol of accessibility. Designated van-accessible parking spaces must have an additional "Van-Accessible" sign mounted below the symbol of accessibility.

- Signs shall be located 60 inches (1525 millimeters) above the ground.

**App. 140**

- Covered parking must provide a minimum vertical clearance of 114 inches (2895 millimeters) at entrances, exits, passenger loading zones, and along at least one vehicle access route.
  - o Covered parking must provide a minimum vertical clearance of 98 inches (2490 millimeters) at all van-accessible spaces.
- Passenger loading zones shall provide an access aisle at least 60 inches (1525 millimeters) wide and 240 inches (6100 millimeters) long parallel to the vehicle pull-up space.
- Two parking spaces may share the same access aisle.

## COMMUNICATION

Low-tech and high-tech strategies can improve communications accessibility. Impressive courtroom designed with high ceilings, polish marble, and beautiful hardwood features are a communication nightmare for people with hearing impairments. A first step is to modify the setting and physical environment by installing sound buffers. Overcoming problems of speaker/listener distance, reverberation, and background noise also can be addressed by using assistive listening devices (ALDs) and systems (ALSs). Information can be provided visually in real-time or through prepared materials and a number of ways, including computer-assisted notetaking, transcription, or captioning projected to a personal monitor or a large screen; videotape with captioning and/or signing interpreter services; and written transcripts.

## INDEX AND ADDITIONAL INFORMATION

Examples and Resources to Support Criminal Justice Entities in Compliance With Title II of the Americans with Disabilities Act:

https://www.ada.gov/cjta.html

**Accessible Parking**

https://gov.texas.gov/organization/disabilities/parking

**Access and Fairness**

Williams, Jo. Communication Accessibility in the Courts. (June 2002). Court Consulting Services Division.

https://cdm16501.contentdm.oclc.org/digital/collection/accessfair/id/115

**Additional Resources**

Contact: Texas Governor's Committee on People with Disabilities at 512-463-5739.

http://www.gov.texas.gov/disabilities.

**App. 141**

Prepared as a public service and distributed
by the State Bar of Texas.

This guide and other free legal resources
can be found online at
texasbar.com/resources.



For additional copies, please email
pamphlets@texasbar.com.



45083 4/23

# APPENDIX F

Appellant's Public Comment to the
National Council on Disability
documenting the Regulatory
Unaccountability Loop

# Public Comment

## Topic III: ADA Accommodations During Court Proceedings
Submitted to the National Council on Disability

**Submitted by:** Kathryn Copeland (Texas) Attorney; Disabled Litigant with experience in Texas justice courts, appellate courts, and federal courts

## Comment

I submit this comment as a disabled attorney who has litigated—both pro se and with counsel—in Texas justice courts, county courts, state appellate courts, and federal court, and who has repeatedly requested reasonable accommodations under Title II of the Americans with Disabilities Act in those forums.

My experience reflects not an isolated denial, but a **recurring procedural failure in how courts assess, grant, deny, or delay accommodation requests**, often in ways that materially affect litigation outcomes rather than merely courtroom convenience.

### I. Absence of a Defined Interactive Process for ADA Accommodations in Courts

Across multiple courts, I have observed that accommodation requests are frequently treated as discretionary scheduling matters rather than as civil rights determinations governed by Title II.

Requests are often:

- Denied without written findings or explanation;
- Deferred indefinitely, effectively mooting the request; or
- "Resolved" through delay rather than through an accessible method of participation.

These practices are inconsistent with Title II's requirement that public entities provide meaningful access to court proceedings. In several instances, courts issued flat denials of accommodation requests without engaging in any discernible interactive process or identifying

alternative accommodations, despite the ADA's requirement that public entities either provide a reasonable accommodation or engage in a good-faith process to determine an effective alternative.

This absence of a standardized interactive process leaves disabled litigants without clarity, predictability, or meaningful recourse.

## II. Delay as a De Facto Denial of Access

A recurring pattern is the use of postponement or continuance as a substitute for accommodation. In practice, this often results in:

- Disabled litigants being forced to endure prolonged proceedings,
- Statutory timelines being undermined (particularly in expedited dockets such as housing or family law),
- And effective exclusion from proceedings where the format—not the timing—creates the barrier.

Delay does not restore access where the method of participation remains inaccessible. Nevertheless, courts frequently treat delay as a neutral or even benevolent response, rather than recognizing it as a potential failure to accommodate.

## III. Discretion Concentrated in Individual Judges Without Guardrails

In the courts where I have appeared, the decision whether to grant an accommodation has often rested solely with the presiding judge, without involvement from an ADA coordinator, formal grievance mechanism, or articulated standard.

This creates wide variability in outcomes depending on individual judicial familiarity with disability law, and places disabled litigants in the untenable position of having to educate the court on ADA requirements while actively litigating their cases.

**App. 145**

## IV. Impact on Case Outcomes, Not Just Courtroom Experience

These procedural gaps have consequences beyond discomfort or inconvenience. Denial or mishandling of accommodations affects:

- The evidentiary posture of cases,
- The ability to present or respond to arguments,
- Compliance with statutory deadlines,
- And, ultimately, the substantive rights at stake.

When accommodation failures alter who can meaningfully participate—and how—access to justice itself is compromised.

## V. Recommendations for Systemic Reform

Based on these experiences, I respectfully offer the following recommendations for the Council's consideration:

**1. Require courts to document accommodation decisions**

Courts should be required to issue brief written findings when an accommodation request is denied or modified, including identification of any alternative accommodation considered.

**2. Standardize the interactive process**

State court systems should adopt clear procedures requiring engagement in the interactive process, rather than allowing summary denials.

**3. Clarify that delay is not an accommodation**

Judicial training and court rules should explicitly recognize that postponement does not satisfy Title II where the method of proceeding remains inaccessible.

**App. 146**

**4. Define the role of ADA coordinators**

Courts should clearly identify ADA coordinators, define their authority, and establish accessible grievance procedures separate from the merits of the underlying case.

**5. Target training for high-impact dockets**

Judges presiding over housing, family, protective order, and other expedited proceedings should receive focused training on ADA accommodations, given the heightened risk of irreparable harm from access failures.

**Closing Observations and Recommendations**

The absence of clear, enforceable procedures for ADA accommodations in court proceedings does not merely inconvenience disabled litigants—it predictably shapes outcomes, particularly in expedited and high-stakes dockets. When accommodation requests are denied, deferred, or resolved through delay rather than accessibility, the result is not neutrality but exclusion.

Courts would benefit from:

**1. Accessible grievance procedures separate from the merits of the underlying case.**

Accommodation determinations should not be conflated with substantive rulings or conditioned on perceived credibility, litigation posture, or docket pressure.

**2. Targeted ADA training for high-impact dockets.**

Judges presiding over housing, family, protective order, and other expedited proceedings should receive focused instruction on Title II obligations, given the heightened risk of irreparable harm when access failures occur in summary or emergency contexts.

**App. 147**

Addressing these gaps would materially improve equal access to justice while also providing judges with clearer guidance and institutional support—reducing ad hoc decision-making and unnecessary procedural conflict.

I submit these observations not only as a litigant, but as an attorney trained to identify procedural safeguards and their absence. I would welcome the opportunity to provide additional information, documentation, or clarification if helpful to policymakers, judicial administrators, or researchers working in this area.

**Respectfully submitted,**

**KATHRYN COPELAND**
**State Bar No. 24086056**
Tel: (817) 789-8498
Katie@CopelandLawTexas.com

**App. 148**

# APPENDIX G

Open Records Response CDA-2026-897, April 21, 2026

# Re: Re: Tarrant County District Attorney's Office - Records Request CDA-2026-897 Completed

| | |
|---|---|
| From | Paul Nguyen (Tarrant County, TX) <TarrantCountyTX@request.justfoia.com> |
| To | katie@copelandlawtexas.com |
| CC | pknguyen@tarrantcountytx.gov |
| Date | Tuesday, April 21st, 2026 at 4:28 PM |

Ms. Copeland,

Thank you for following up. We have reached out to various departments and individuals regarding the Title II ADA aspects of your request and unfortunately, we were still unable to locate any responsive information that you are seeking.

Tarrant County District Attorney's Office

401 W. Belknap

Fort Worth, Texas 76196

(817) 884-1233

openrecords@tarrantcountytx.gov

On Mon, Apr 20, 2026 at 4:25 pm, Katie Copeland wrote:

Thank you. However, I was not referring to the employment aspect of ADA, but rather the Title II aspect of ADA, which applies to counties and courthouses (under the US Supreme Court case of Tennessee v Lane and the 5th Circuit opinion from Luke v Texas). For example, I have attached the City of Fort Worth's compliance documents.

For convenience, I have pasted my original request again below:

## Request #CDA-2026-897

I request access to and copies of the following records:
1. ADA Title II Self- Evaluation (28 C.F.R. § 35.105) All records reflecting any self-evaluation conducted by Tarrant County and/or its courts in compliance with 28 C.F.R. § 35.105, including but not limited to: • The original self-evaluation required to be completed by January 26, 1993 • Any subsequent updates, revisions, or re-evaluations • All supporting materials associated with such evaluations
2. Required Components of the Self- Evaluation To the extent maintained, please include records showing: • Lists of individuals and organizations consulted (including disability advocacy groups) • Descriptions of areas examined and barriers identified • Descriptions of modifications made as a result of the evaluation
3. ADA Compliance Infrastructure Records sufficient to show: • The designation of any ADA Coordinator pursuant to 28 C.F.R. § 35.107 • Any ADA grievance procedures maintained by the County or its courts • Policies or procedures related to ADA Title II compliance in court operations
4. Record Retention and Availability • Any record retention policies applicable to ADA compliance documents, including self-evaluations • Any documentation explaining the absence, destruction, or unavailability of responsive records, if applicable _____

If there are no documents or individuals related to these request, please confirm.

**App. 150**

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

Author, *[Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts](#)*, American Bar Association (2026)

On Monday, April 20th, 2026 at 1:19 PM, JustFOIA Notification

# APPENDIX H

Email receipt from Judge Evans' office,
April 21, 2026

# RE: Request for ADA Coordinator Contact Information—28 C.F.R. § 35.107(a)

From    THKemp@tarrantcountytx.gov <THKemp@tarrantcountytx.gov>

To      katie@copelandlawtexas.com

Date    Tuesday, April 21st, 2026 at 8:00 AM

---

Received. Thank you.

Tracy

---

You don't often get email from katie@copelandlawtexas.com. Learn why this is important

**EXTERNAL EMAIL ALERT! Think Before You Click!**

---

Dear Judge Evans:

I am writing to request the name and contact information for the **ADA Coordinator designated for the Tarrant County Courts** under 28 C.F.R. § 35.107(a).

Federal regulations require every public entity to designate at least one responsible employee for ADA compliance. I am requesting this information so that I may properly route my accommodation requests through the designated official.

Please respond with:

1. The name of the designated ADA Coordinator
2. Their title and department
3. Their contact email and phone number
4. The date they were designated (if available)

I will appreciate a response within **2 business days (by Wednesday, April 22, 2026)**.

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

**App. 153**

**From:** Katie Copeland <katie@copelandlawtexas.com>
**Sent:** Monday, April 20, 2026 5:37 PM
**To:** Tracy Kemp <THKemp@tarrantcountytx.gov>; dlevans@tarrantcounty.com; dlevans@tarrantcountytx.gov; Tracy Kemp <THKemp@tarrantcountytx.gov>
**Subject:** Request for ADA Coordinator Contact Information—28 C.F.R. § 35.107(a)

# APPENDIX I

Email from City of Fort Worth
ADA/Title VI Coordinator,
April 24, 2026

# RE: Tarrant County Counterpart

From    De Blanco, Roxana <Roxana.DeBlanco@fortworthtexas.gov>

To      katie@copelandlawtexas.com

Date    Friday, April 24th, 2026 at 10:31 AM

Good morning, Ms. Copeland,

Thank you for contacting City of Fort Worth – Civil Rights Office.

Below is the link for Tarrant County, Texas ADA's office.

Request ADA Accommodation

I do not have the name of the ADA Coordinator for Tarrant County. If you prefer to contact the ADA Officer directly, please call 817-884-1111 or through the Relay Texas TDD at 1-800-735-2989.

Kind Regards,



**Roxana De Blanco, LMSW, ADAC, Mediator, Investigator**

Human Relations Coordinator | ADA/Title VI Coordinator

Human Resources Department - Civil Rights Office

City of Fort Worth

817-392-8421 (Office)

682-715-9019 (Cell)

100 Fort Worth Trail, Fort Worth, TX 76102

CONNECT WITH US.

**App. 156**

Hello,

I am curious whether you might know who your counterpart is in Tarrant County. It is not clear whether there is an ADA Coordinator who handles matters like ADA Title II Compliance.

Sincerely,

Kathryn "Katie" Copeland

(817) 789-8498

Author, *Access Is Not Advantage: Structural Integrity and Disability Accommodation in State Courts*, American Bar Association (2026)

---

**19.54 KB**    2 embedded images

image001.png 15.05 KB    image002.png 4.50 KB

**App. 157**